In re James C. JOHNSON, Debtor.

LOMAS & NETTLETON COMPANY, Plaintiff,

v.

James C. JOHNSON and James J. O'Connell, Esquire Standing Trustee, Defendants.

Bankruptcy No. 82–02638K.

Adv. No. 82–1475K.

United States Bankruptcy Court, E.D. Pennsylvania.

Nov. 29, 1982.

David B. Comroe, Philadelphia, Pa., for plaintiff.

Stokes E. Mott, Jr., Philadelphia, Pa., for defendants/debtor.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case presents a classic example of the frustration which mortgagees often encounter in bankruptcy proceedings. Unfortunately, the case also demonstrates the potential for misuse of the bankruptcy system by debtors' counsel inherent in such cases. The plaintiff in this matter obtained a default judgment against the debtor in an adversary proceeding. The judgment incorporated an award of counsel fees to the plaintiff on the basis that counsel for the debtor had vexatiously prolonged the litigation before this Court. Counsel for the debtor filed a motion for reconsideration. Upon complete review of the case, the Court finds itself in agreement with the plaintiff. An Order will be entered affirming the award of counsel fees.[1] This matter is subject to a laborious factual situation. The debtor entered into a mortgage transaction with the plaintiff in 1979. The loan fell into default and the plaintiff commenced foreclosure proceedings. The property was scheduled for sheriff's execution sale in September of 1981. The sale was stayed by the filing of a Chapter 13 bankruptcy petition. See 11 U.S.C. § 362(a).

---

1. This Opinion constitutes findings of fact and conclusions of law as required by Bankruptcy Rule 752 of the Rules of Bankruptcy Procedure.

Unbeknownst to the plaintiff herein, the case was dismissed upon motion of the standing trustee on March 8, 1982. Unable to obtain any information regarding the bankruptcy and not receiving any payments, the mortgagee filed a complaint for relief from the § 362 stay on March 18, 1982. A motion for a default judgment was subsequently filed and granted. Although counsel for the debtor was aware of the dismissal of the underlying Chapter 13 petition, he did not condescend to inform the plaintiff of the true status of the case and the consequent mootness of the complaint.[2]

After the default judgment was obtained, the mortgagee took the appropriate steps to have the premises again listed for sheriff's sale. This second sale was also stayed by the filing of a petition for relief under Chapter 13 of the Bankruptcy Code. The plaintiff was again forced to go through the exercise of filing a second complaint for relief from the stay. This complaint, in addition to requesting relief from the stay, petitions the Court to award counsel fees in favor of the plaintiff. The request for counsel fees is based on a provision of the United States Code which permits the Court to assess costs against:

"... [a]ny attorney or other person admitted to conduct cases... who so multiplies the proceedings in any case, as to increase costs unreasonably and vexatiously..."

28 U.S.C. § 1927. Counsel for the debtor chose not to answer the complaint and, once again, default judgment was entered in favor of the plaintiff.

Counsel for the debtor, Stokes E. Mott, Jr., Esquire, was served with the summons and the complaint. Indeed, he has received notice of all papers filed by Mr. Comroe, a courtesy which he was apparently unwilling to extend to Mr. Comroe.

Almost three (3) months after entry of the default judgment, Mr. Mott filed a motion for reconsideration. The only explanation for the delayed filing offered by Mr. Mott was that he had sent a letter and proposed order to the Court. In substance, this is no explanation at all. Mr. Mott is well aware that this is a Court of record, and that the proper method to obtain any relief is to file an appropriate pleading. Letters are not, and should not be, considered pleadings.

After the passage of several months, Mr. Mott seems to have awoken to the fact that his letter had no effect on the Court. On September 22, 1982, he, therefore, filed a motion to set aside the default judgment insofar as it awarded counsel fees to Mr. Comroe.

In order for the Court to set aside a default judgment, the moving party must show:

(1) that the nondefaulting party will not be substantially prejudiced by the reopening, (2) that the defaulting party has the meritorious defense, and (3) that the default was not the result of inexcusable or gross negligence or willful act.

*Reid v. Liberty Consumer Discount Co. of Pa.*, 484 F.Supp. 435, 438 (E.D.Pa.1980). *See, also, Trachtman v. T.M.S. Realty and Financial Services*, 393 F.Supp. 1342, 1347 (E.D.Pa.1975); *Wokan v. Alladin International, Inc.*, 485 F.2d 1232 (3d Cir.1973); *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242 (3d Cir.1951). In applying these factors to the case at bench, the Court finds no basis to open the judgment. First, there can be no question that Mr. Mott demonstrated inexcusable negligence. He was served with the complaint. He had an opportunity to answer any and all allegations therein. Mr. Mott chose to ignore this opportunity. Mr. Mott, furthermore, allowed nearly three (3) months to pass before taking any action. There is no question in the Court's mind that this tardiness is only a further demonstration of the negligence of counsel.

Also, the Court must consider whether the defaulting party has a meritorious defense. Mr. Mott filed two (2) Chapter 13 petitions immediately before a scheduled sheriff's sale of the debtor's property.

2. The stay terminates automatically upon dismissal of the case. 11 U.S.C. § 362(c)(2)(B).

From these circumstances, the Court can reasonably infer that the sole purpose of filing the petition was to obtain the benefit of the automatic stay of lien enforcement imposed by § 362 of the Bankruptcy Code. The filing of the bankruptcy petition solely to forestall a secured creditor from exercising his legitimate rights and without any intention of completing a plan of repayment is conduct which the Court cannot condone. *In re Whitten,* 11 B.R. 333 (Bkrtcy.C.D.1981). The Court, therefore, would find that counsel for the debtor has acted in violation of the statute. 28 U.S.C. § 1927.

Mr. Mott has raised an additional defense. He maintains that, because he did not represent the debtor in the adversary proceeding, he cannot be required to pay counsel fees in the case. Although this is an interesting argument, it is without weight in this case.

Interim Local Rule 5003 provides

(b) The filing of a petition in bankruptcy by an attorney on behalf of a debtor shall constitute an entry of appearance in all matters arising during the administration of the case, including adversary matters, unless the attorney, at the time of filing of the bankruptcy petition, advises the court by praecipe to the contrary. If the court is so advised by the attorney, said attorney shall certify to the court that the debtor has been so advised.

I.L.R. 5003(b) (effective date: January 1, 1982).

At the hearing held on this matter on November 2, 1982, Mr. Mott asserted that he was not counsel of record. The transcript contains the following soliloquoy:

THE COURT: I don't know where we are going. Let me ask this question: How is it that you established that Mr. Gray or Mr. Mott were counsel of record in the adversary proceeding, Mr. Comroe?

MR. COMROE: The first adversary proceeding?

THE COURT: Yes.

MR. COMROE: It's stated so on the docket.

THE COURT: Is there an entry of appearance filed?

MR. COMROE: When we originally received the file I believe it came from Mr. Mott's office.

THE COURT: When you received what?

MR. COMROE: When we originally received the first 13, I believe it came from Mr. Mott's office.

MR. MOTT: Your Honor, may I interrupt. I really thought I had a better working relationship with Mr. Comroe, and I did not verify all the phone calls in terms of as per our conversation on a certain date.

THE COURT: Were you counsel of record or not?

MR. MOTT: Only, Your Honor, as to the petition, not as to the adversary, and we certified we were not representing the gentlemen at the adversary, only for the general administration of his case.

THE COURT: Do you have that certification?

MR. MOTT: Your Honor, it should be with the original file.

THE COURT: I don't have that file. All I have is the adversary file.

Notes of Testimony, pp. 7 and 8.

In a further effort to clarify this matter, Mr. Mott sent the Court a letter immediately after the hearing. In this missive, he wrote that "... you requested a copy of a Certification that I, Stokes E. Mott, Jr., Esq., was only retained by the debtor for the general administration of the case." Enclosed with the letter were

1. A copy of the Chapter 13 petition

2. A copy of the list of creditors

3. A copy of the certification required by Interim Local Rule 1005.5 (an unrelated matter).

Through some obscure reasoning, this combination of documents was intended to reflect compliance with Interim Local Rule 5003(b).

Such is not the case. Even the most cursory examination of the rule would reveal that, absent the necessary certification,

the attorney who files a petition in bankruptcy is deemed to have entered his appearance in the case for all purposes. The assertion by Mr. Mott that he only represented the debtor in the general administration of the case is without a scintilla of support.

In conclusion, the Court will enter an Order affirming our original Order of July 2, 1982; vacating the Order of September 27, 1982, which set aside the assessment of counsel fees; and, directing Mr. Mott to comply with the Order of July 2, 1981 within three (3) days.