**Louis FLEET, Sarah Morrison, Phila Unemployment Project on behalf of themselves and all others similarly situated**

**v.**

**UNITED STATES CONSUMER COUNCIL, INC., Jack Rhode, Betty Rosi, Deborah Tavares.**

No. 86–0263.
Bankruptcy No. 81–04969K.
Adv. No. 83–0880K.

United States District Court,
E.D. Pennsylvania.

March 3, 1987.

Report and Recommendation
Feb. 3, 1987.

Henry J. Sommer, Gary Klein, Phila., Pa., for debtor/plaintiffs.

David M. Seltzer, Phila., Pa., Barry J. Hockfield, Joel R. Rosenberg, Louis Hasner, Cherry Hill, N.J., for defendants.

## ORDER

JAMES McGIRR KELLY, District Judge.

AND NOW, this 2nd day of March, 1987, it is ORDERED that:

1. The Proposed Findings of Fact and Conclusions of Law of the Bankruptcy Court, to which no objections have been filed, are ADOPTED;

2. The motion to set aside default judgment entered against Jack Rhode and permitting the filing of a responsive pleading is DENIED, and this court's Order entering a default judgment against the said party on June 12, 1986, shall stand as entered;

3. The plaintiffs' motion for sanctions pursuant to R.Bankr.P. 9011 against Barry J. Hockfield, Esquire, David M. Seltzer, Esquire, and Louis G. Hasner, Esquire, is DENIED without prejudice to the plaintiffs to refile same if said counsel do not perform their duties as officers of the court in the future;

4. A copy of this Order and the Proposed Findings of Fact and Conclusions of Law of the Bankruptcy Court are to be forwarded to the Disciplinary Board of the Supreme Court of Pennsylvania, District No. 1, 310 North American Building, 121 South Broad Street, Philadelphia, Pa. 19107 for review for whatever action may be appropriate in this matter.

5. This matter is remanded to the Bankruptcy Court for the Eastern District of Pennsylvania for resolution of the question of damages and any other issues which may be outstanding.

REPORT AND RECOMMENDATIONS OF BANKRUPTCY JUDGE SUR DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT ENTERED [BY THIS COURT ON JUNE 12, 1986] AGAINST DEFENDANT JACK RHODE AND PERMITTING THE FILING OF A RESPONSIVE PLEADING AND PLAINTIFFS' MOTION FOR SANCTIONS PURSUANT TO R.BANK.P. 9011 AGAINST BARRY J. HOCKFIELD, ESQ., DAVID M. SELTZER, ESQ., AND LOUIS G. HASNER, ESQ.

DAVID A. SCHOLL, Bankruptcy Judge.

A. PROPOSED FINDINGS OF FACT

1. This adversarial proceeding was commenced on March 31, 1983, in the case of LOUIS FLEET, a Debtor, who filed a petition under Chapter 13 of the Bankruptcy Code at the above case number on December 3, 1981, as a class action on behalf of the Debtor; SARAH MORRISON who was a Debtor in Case No. 82–01709G, filed pursuant to Chapter 13 of the Code on April 16, 1982; and the PHILADELPHIA UNEMPLOYMENT PROJECT, an unincorporated association of which the individual Plaintiffs were members.

2. Named as Defendants in this action were the following:

a. UNITED STATES CONSUMER COUNCIL, INC. (hereinafter referred to as "USCC"), a corporation which allegedly advertised that it would provide financial as-

sistance to distressed debtors, but which in fact, although charging fees to the individual plaintiffs of $225.00 and $250.00, respectively, merely referred them to an attorney who proceeded to file Chapter 13 cases for them and charge the individual Plaintiffs additional fees of $750.00 and $800.00 respectively;

b. JACK RHODE (hereinafter referred to as "Rhode"), described as "a major stockholder and officer" of USCC; and

c. BETTY ROSI and DEBORAH TAVARES, individuals allegedly "acting in concert with USCC and Rhode."

3. Contending that the advertising, nomenclature, and actions of the corporate Defendants were deceptive, the Plaintiffs set forth causes of actions against all the Defendants under 11 U.S.C. § 329 of the Bankruptcy Code, claiming that they were receiving compensation not disclosed under that Section, and under state unfair trade practice acts of Pennsylvania and New Jersey. The relief sought was declaratory, injunctive, and damages, under the aforesaid state laws, against all of the Defendants.

4. On May 4, 1983, the Plaintiffs filed sets of interrogatories addressed to both USCC and Rhode and also filed therewith a Motion requesting that this discovery be expedited. The Motion to expedite discovery was granted and required USCC and Rhode to respond to the discovery provided on or before May 16, 1983.

5. The discovery was not answered, but, rather, a Motion to Dismiss the proceeding and a Motion for a protective order in reference to the discovery were filed on May 19, 1983, and May 25, 1983, on behalf of all of the Defendants by David M. Seltzer, Esquire, an associate in the firm of Barry J. Hockfield, P.A., Suite 900, Philadelphia Bourse Building, 21 South Fifth Street, Philadelphia, PA 19106.

6. In submitting his pleadings, Mr. Seltzer utilized the designation "Barry J. Hockfield, P.A., By: David M. Seltzer" in identifying counsel for the Defendants. These filings represented an entry of appearance for the Defendants on behalf of the firm and Mr. Seltzer personally per Local Rule of the United States Bankruptcy Court for the Eastern District of Pennsylvania (hereinafter referred to as "Local Rule") 9010.-1(a).

7. On June 28, 1983, this Court, per the Honorable William A. King, Jr., heard argument on both the Motion to Dismiss and the Motion for a Protective Order from counsel for the Plaintiffs and David M. Seltzer, Esquire, on behalf of the Defendants, and took both matters under advisement.

8. On October 15, 1985, Judge King filed an Opinion and Order denying the Motion to Dismiss and scheduling a hearing on the Motion for a protective order on October 29, 1985. This Opinion is reported at 53 B.R. 833 (Bankr.E.D.Pa.1985).

9. Notice of the filing of this Opinion and Order was duly sent by this Court to Mr. Seltzer at the address designated on his filings.

10. No praecipe indicating a change of address, as is required in the case of such a change by Local Rule 9010.1(b), was ever filed by Mr. Seltzer or his firm, and these and all subsequent materials relevant to the case were sent to him at the aforesaid designated address and were never returned by the United States Post Office. The Opinion was also published in West's Bankruptcy Reporter after it was issued.

11. Neither USCC nor Rhode appeared at the hearing on the Motion for a protective order on October 29, 1985. This Motion was denied, and USCC and Rhode were directed to respond to the discovery propounded to them within five (5) days.

12. This Order and a subsequent Order of November 19, 1985, amending the Opinion of October 15, 1985, were mailed by the Court to Mr. Seltzer, at the address cited in paragraph five (5) *supra*, and were never returned by the United States Post Office.

13. On February 13, 1986, having received no response to their discovery as directed, the Plaintiffs filed a Motion seeking entry of a default and a default judg-

ment against Defendants USCC and Rhode, for failure to respond to the discovery per Judge King's Order, and the Court scheduled a hearing on this Motion on March 25, 1986.

14. On March 14, 1986, the Plaintiffs filed a Praecipe requesting the Clerk to enter a default against both Defendants USCC and Rhode for failure to plead or otherwise defend the action.

15. The hearing on March 25, 1986, was continued, and the Plaintiffs then filed a Motion requesting this Court to certify Proposed Findings of Fact and Conclusions of Law to the district court, which included the entry of a default judgment on the issue of liability against defendants USCC and Rhode. A hearing on this Motion was scheduled on May 14, 1986.

16. Notices of all of the proceedings described in paragraph 12 through 15 were mailed to Mr. Seltzer and his firm at the aforesaid address and were not returned by the Post Office. As in the case of the other notices, neither Mr. Seltzer nor anyone else on behalf of the Defendants appeared in response to any of these Motions.

17. On May 15, 1986, an Order transmitting the Proposed Findings and Conclusions to the district court was signed by Judge King, and this matter was designated as Misc. No. 86–0263 by the district court, and assigned to the Honorable James M. Kelly, who, on June 12, 1986, entered an Order entering a default judgment against Defendants USCC and Rhode as to liability only.

18. At some point in spring of 1986, the Plaintiffs learned that Mr. Seltzer's present office location was 1528 Walnut Street, Suite 1100, Philadelphia, Pennsylvania 19102, and certain of the foregoing documents were re-mailed to him there by the Plaintiffs.

19. On July 7, 1986, Mr. Seltzer wrote to the Plaintiffs' counsel on stationery of his new firm, Marion, Seltzerg & Associates, P.A., at the address cited in paragraph 18, indicating that he no longer represented USCC or Rhode, and that the Plaintiffs should contact his former firm

(now known as Hockfield, Hasner, & Weiss, P.A.), which had since moved to 425 Route 70 West, Cherry Hill, New Jersey 08002, to ascertain whether that firm still represented these parties.

20. Mr. Hockfield is listed as "of counsel" to the firm of Marion, Seltzberg & Associates, P.A., on their letterhead. We also note that the letterhead of the Hockfield firm lists the same address as Marion, Seltzberg & Associates, P.A., as its "Philadelphia office," indicating that the firms are in some way related and that Mr. Seltzer is still associated with the Hockfield firm in some manner.

21. Neither Mr. Seltzer nor the Hockfield firm has ever sought or been allowed to withdraw the appearance for the Defendants, as required by Local Rule 9010.-1(d). The communication from Mr. Seltzer on July 7, 1986, therefore conclusively established that, as of July 7, 1986, Defendants USCC and Rhode, by their counsel of record, had actual knowledge of the status of the proceedings.

22. Thereafter, the Plaintiffs communicated with the Hockfield firm and, through that firm, scheduled a deposition of Rhode in aid of execution on September 16, 1986, which Rhode did attend and at which he was represented by Joel R. Rosenberg, Esquire, of the Hockfield firm.

23. At the deposition, Rhode testified, *inter alia*, that USCC was out of business, that he had lost all of the records of his business, and could not recall the names of any of the past employees of USCC, although he ultimately recalled that his brother and sister-in-law had been employees.

24. As a result of information gleaned in the course of that deposition, the Plaintiffs, on October 14, 1986, filed Motion to prevent Rhode and his wife from disposing of certain residential real estate owned by them in Tabernacle Township, New Jersey, which was scheduled for a tax sale. A hearing on the Motion was scheduled on October 16, 1986.

25. At that hearing, which resulted in an Order that Rhode and his wife were temporarily enjoined from selling, encumbering, or disposing of the realty, the Defendants were represented by Louis Hasner, Esquire, of the Hockfield firm, who indicated that he had filed a Motion to set aside the entry of the default judgment against Rhode that same day. This Court therefore ordered that a further hearing on the Plaintiffs' Motion relating to Rhode's realty and the Motion of Rhode to set aside the default judgment take place on October 29, 1986.

26. On October 29, 1986, a hearing was conducted, at which Rhode only, represented by Mr. Hasner, testified.

27. At this hearing, Rhode testified, *inter alia*, that the corporate Defendant had gone out of business on March 31, 1983; that he had been advised by Mr. Hockfield that the case had been dismissed and that he had "won" it on or about the fall of 1984, and that he had no knowledge of the continued pendency of this action until he attended the deposition on September 16, 1986. He claimed that Mr. Hockfield had informed him, prior to the deposition, that it must have been scheduled in connection with "a new case" against him.

28. Attached to Rhode's Brief in support of the Motion to set aside the default judgment were an Affidavit of Barry J. Hockfield, Esquire, and an unsworn Certification of Mr. Seltzer.

29. In his Affidavit, Mr. Hockfield stated, *inter alia*, that he "reasonably relied on information from the Court" (the source of this information and when it was received were not disclosed) that the case had been dismissed and he was not aware of the entry of the judgment "until receipt of the Plaintiff's Motion" to prevent Rhode and his wife from transferring their property, ... filed on October 14, 1986, and that "[u]pon realization that the default judgment had been entered, [he] filed a timely motion to set aside the judgment." He does not include any statement that he told Mr. Rhode that he had "won" the case, or

that a "new case" had been filed against him.

30. In his Certification, Mr. Seltzer states, *inter alia*, that he is not representing any party in this action and that he does not "recall" receipt of "the discovery proceedings" or "notice that a default judgment was entered."

31. On December 9, 1986, the Plaintiffs filed a Motion for Sanctions Against Messrs. Hockfield, Seltzer, and Hasner pursuant to Rules of Practice and Procedure in Bankruptcy 9011 and Federal Rule of Civil Procedure 11 (hereinafter referred to as "the Rule 11 Motion"), contending that these documents contained knowing falsehoods and hence the Plaintiffs were entitled to counsel fees in connection with that Motion and the Rule 11 Motion.

32. The Rule 11 Motion was scheduled for a hearing on January 21, 1987, and continued until January 29, 1987. On January 29, 1987, only counsel for the Plaintiffs appeared and advised that, although the prior continuance of the hearing on this Motion was at the request of the Defendants' counsel, no word had been received that the Defendants' counsel would not be present on that date.

33. The Court advised that it would decide the Rule 11 Motion with Rhode's Motion to set aside the default.

34. The testimony and the written submissions of Messrs. Rhode, Seltzer, and Hockfield are, in certain significant respects, unworthy of belief and are found not credible, specifically as follows:

a. At least some, if not all, of the notices and materials sent by this Court and the Plaintiffs to these parties between October 15, 1985, and June 13, 1986, should have been, and we find in fact were, forwarded to and received by Mr. Seltzer and/or Mr. Hockfield or members of his firm, and that notice to them, as the head of the firm and the individual attorney who were counsel of record for Rhode should have, and we believe did, inform him of the significance of these Orders.

b. Despite the Affidavit and Certification of Messrs. Hockfield and Seltzer, it is patently clear that they both knew of the entry of the default judgment against Rhode as of July 7, 1986, and, as counsel for Rhode, should have, and we believe did, inform him of this and the significance of same.

c. While there is insufficient evidence to conclude that these documents were knowingly prepared with deliberate falsehoods contained in them, the Affidavit and Certification are evasive, misleading, and, in several respects, erroneous, and therefore unworthy of credence.

35. Despite the knowledge of Rhode and his counsel of the fact that the Plaintiffs were seeking to enter a judgment against Rhode and that, subsequently, judgment had been entered against him, Rhode, in consultation with Hockfield, Seltzer, and/or other members of Hockfield's firm, made a calculated decision to attempt to ignore these proceedings to the greatest extent possible, from October 15, 1985, through October 16, 1986.

36. This decision to ignore these proceedings to the greatest extent possible was not altered until Rhode recognized, upon receipt of the Plaintiffs' Motion to prevent the alienation of his residential real estate on or about October 14, 1986, that this property was in jeopardy. Then and only then did Rhode and his counsel opt to file the Motion to set aside the default judgment entered against him.

37. The Defendants' counsel, either intentionally or by grossly negligent and unprofessional conduct, failed or refused to attend the continued hearing on the Plaintiffs' Rule 11 Motion on January 29, 1987, and failed to advise the Court of any reason for non-appearance.

38. The reasonable value of the services of the Plaintiffs' counsel in preparing the Rule 11 Motion and attending the hearing on this Motion would be no less than $450.00.

## B. PROPOSED CONCLUSIONS OF LAW

1. It is well established that a motion to set aside a default judgment will not be granted unless the moving party shows:

(1) that the nondefaulting party will not be substantially prejudiced by the reopening,

(2) that the defaulting party has a meritorious defense, and

(3) that the default was not the result of inexcusable or gross negligence or willful act.

*Tractman v. T.M.S. Realty and Financial Services*, 393 F.Supp. 1342, 1347 (E.D.Pa.1975); *Wokan v. Alladin International, Inc.*, 485 F.2d 1232 (3d Cir. 1973); *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242 (3d Cir.1951). Furthermore, to set aside a default judgment, the Court, in accordance with Fed. R.Civ.P. 60(b), must determine whether the motion was made "within a reasonable time." *Central Operating Co. v. Utility Workers of America*, 491 F.2d 245, 253 (4th Cir.1974); *Thorpe v. Thorpe*, 124 U.S.App.D.C. 299, 364 F.2d 692 (D.C.Cir.1966); *Nicholson v. Allied Chemical Corp.*, 200 F.Supp. 206 (E.D. Pa.1961); *10 Wright & Miller, Federal Practice and Procedure* § 2698 (1983). *Reid v. Liberty Consumer Discount Co.*, 484 F.Supp. 435, 438 (E.D.Pa.1980). *See also, e.g., Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir., 1984); *United States v. $55,518.05 in Currency*, 728 F.2d 192, 195 (3d Cir., 1984); *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 122 (3d Cir.1983); and *In re Johnson*, 24 B.R. 832, 833 (Bankr.E.D.Pa.1982).

■ 2. When, as here, the moving party delays in filing a motion to set aside a judgment for over three (3) months after its entry is known to its counsel (in the instant case, the period of delay was from at least July 7, 1986, to October 17, 1986) on the basis of a calculated decision to attempt to disregard same, and then proceeds to file such a Motion only in response to a Motion of the Plaintiffs to proceed against certain specific property of the

judgment debtor, it cannot be concluded that the motion was filed within a reasonable time. *Compare Central Operating Co. v. Utility Workers of America, AFL–CIO*, 491 F.2d 245, 252–53 (4th Cir.1974) (delay of four (4) months in attacking judgment obtained in circumstances where in personam jurisdiction was questionable held to justify denial of motion on ground of delay); and *Johnson, supra* (delay of attorney for nearly three (3) months in filing motion to attack judgment despite earlier informal communications to court to attack same held to constitute ground for denial of motion). For this reason alone, the Motion must be denied.

■ 3. The default resulted from what we find were calculated, willful acts on the part of the Defendant and his counsel. In any event, it was totally inexcusable and grossly negligent for Rhode, by his counsel, to either ignore papers sent to him; or to conclude, contrary to a widely reported decision indicating that the Motion to Dismiss had been denied, that it had been granted; or to fail to notify the Court that counsel had relocated, and then attempt to utilize this as an explanation (of which the veracity is in doubt) that numerous notices sent by the Court and the Plaintiffs' counsel, were not received.

In *Gross, supra*, 700 F.2d at 124, the Court of Appeals states as follows:

> the entry of a default judgment for marginal failure to comply with the time requirements imposed by the Rules, as in this situation, must be distinguished from dismissals or other sanctions imposed by the district courts for willful violation of court rules and orders, contumacious conduct or intentional delay.

Here, the default against Rhode was entered on the grounds of both his failure to respond to discovery to which he had been ordered to respond since October 29, 1985, and his failure to answer the Complaint since October 15, 1985, which were intentional delays that he and his counsel attempted to later justify with statements which we do not find credible.

4. There is also a likelihood of substantial prejudice to the Plaintiffs by further delay of this proceeding; it appears very likely that Rhode and his wife would attempt to transfer their realty if the default judgment were set aside, and that the filing of this Motion attacking the judgment was motivated principally by the realization that the judgment had the consequences of preventing him and his wife from so doing. Also, Rhode claims that all of his records are lost and his memory of even the identity of all of his former employees except his brother and sister-in-law allegedly fails him. Any further delay will unfairly make it considerably more difficult for the Plaintiffs to prove their case.

5. There is considerable doubt whether the purported "meritorious defense"—that Rhode is not "personally liable" for USCC's corporate obligations—has any vitality where a party, as is Rhode here, is charged with active individual participation and approval of consumer fraud. *See, e.g., Schmidt Enterprises, Inc. v. State*, 170 Ind.App. 628, 354 N.E.2d 247, 253 (1976); *Nader v. Citron*, 372 Mass. 96, 360 N.E.2d 870, 875 (1977); *Kugler v. Koscot Interplanetary, Inc.*, 120 N.J.Super. 216, 293 A.2d 682, 701–05 (1972); and *Grayson v. Nordic Constr. Co.*, 92 Wash.2d 548, 599 P.2d 1271, 1274 (1979).

■ 6. Rhode therefore clearly fails to meet the criteria of a timely filing, excusable negligence in allowing the default, and showing a lack of substantial prejudice to the Plaintiffs if this Motion was granted. There is also considerable doubt that he has met this burden of establishing presence of a meritorious defense.

7. Consideration of the pertinent criteria cited in paragraph one (1) of our Conclusions of Law, *supra*, requires that the Motion to Set Aside Default Judgment Entered Against Defendant Jack Rhode and Permitting the Filing of a Responsive Pleading be denied.

■ 8. While we would be justified in finding that the Defendants' counsel violated Rule 11 in presenting the Affidavit of Mr. Hockfield and the Certification of Mr.

Seltzer, and awarding the Plaintiffs' counsel attorney's fees of at least $450.00, we shall refrain from doing so on the condition that said counsel perform their duties as officers of the court hereinafter, in particular attending all proceedings in this matters or advising the Court when they do not appear because of no opposition to the relief sought, in the future, with leave for the Plaintiffs to renew that Motion if they do not do so, for the following reasons:

a. We believe that, in substance, the plaintiffs' Rule 11 Motion was an element of their advocacy in opposing the Motion to set aside the default judgment and was successfully utilized by them in that capacity.

b. The contents of the Affidavit and Certification had no impact in favor of Rhode in connection with the Motion to set aside the default judgment. If anything, their content further established the patent lack of merit of Rhode's position.

## ORDER

AND NOW, this 3rd day of Feb., 1987, it is hereby ORDERED and DECREED that the Clerk of the United States Bankruptcy Court for the Eastern District of Pennsylvania shall transmit the attached Proposed Findings of Fact and Conclusions of Law of the undersigned United States Bankruptcy Judge to the Clerk of the United States District Court for the Eastern District of Pennsylvania to docket same under Misc. No. 86–263 and transmit same in turn to the Honorable James M. Kelly, District Judge, for consideration and entry of a final order judgment in this noncore adversary proceeding, pursuant to 28 U.S.C. § 157(c)(1).