In re Clyde W. MARKER, Debtor.

Ann M. MARKER, Movant,

v.

Clyde W. MARKER, Margaret P. Joy, Robert C. McCartney, Alan J. Misler, John P. Shaffer, Eckert Seamans Cherin & Mellott, Mark L. Glosser, Respondents.

Bankruptcy No. 91–1683–BM.

United States Bankruptcy Court, W.D. Pennsylvania.

Nov. 1, 1991.

M. Farley Schlass, Bethel Park, Pa., for Ann M. Marker.

John M. Silvestri, Pittsburgh, Pa., for M. Farley Schlass.

William E. Kelleher, Jr., Richard F. Rinaldo, Amy Greer Cook, Eckert Seamans Cherin & Mellott, Pittsburgh, Pa., for Margaret P. Joy, Robert C. McCartney, Alan J. Misler and John P. Shaffer.

Mark L. Glosser, Pittsburgh, Pa., for debtor.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Several matters are before the court at this time.

A *Motion To Dismiss Under 11 U.S.C. Section 305* has been filed by Ann M. Marker ("Marker"), who avers that the interest of debtor and his creditors would be better served by a dismissal of this bankruptcy filing. She also seeks to recover, pursuant to 28 U.S.C. § 1917, attorney's fees and costs incurred in connection with this bankruptcy proceeding from the law firm of Eckert Seamans Cherin & Mellott ("ESCM") and from attorneys Margaret P. Joy, Robert C. McCartney, John P. Shaffer, and Alan Jeffrey Misler.[1] Finally, Marker seeks to recover, pursuant to Bankruptcy Rule 9011, attorneys fees and costs incurred in this bankruptcy proceeding from

---

1. Attorneys Joy, McCartney, and Shaffer are partners of ESCM. Attorney Misler is an associate of the law firm.

debtor and his counsel. All of these motions shall be denied.

ESCM and attorneys Joy, McCartney, Shaffer, and Misler, have responded by averring that they are strangers to this proceeding and by seeking to recover, pursuant to Bankruptcy Rule 9011, their own fees and costs incurred in connection with the above motion against them from attorneys M. Farley Schlass and John M. Silvestri, co-counsel for Ann M. Marker. Their motion will be granted with respect to Attorney Schlass and denied with respect to Attorney Silvestri. They shall be awarded $1,400.00 in attorneys' fees.

–I–

BACKGROUND

Ann Marker is the former wife of debtor in this case. She is represented in the matters before the court at this time by attorneys M. Farley Schlass and John M. Silvestri.

Debtor, by and through his counsel, Stephen Sokol, commenced what later became an acrimonious divorce proceeding against Ann Marker in 1987 in the Court of Common Pleas of Allegheny County, Pennsylvania. In early-April of 1991, Attorney Sokol was replaced by Attorney Joy. Marker was represented throughout those proceedings by Attorney Schlass.

On March 28, 1991, an order was issued by the Court of Common Pleas which disposed of claims for equitable distribution, alimony, and counsel fees. Debtor was awarded his pension plan, a boat and trailer, a life insurance policy, a joint income tax refund, and the parties' share of a family-owned business, George Marker & Sons, Inc. Ann Marker was awarded the marital residence, a savings account, household goods, her jewelry, and an automobile. Debtor was to execute a deed conveying the marital residence and was to pay the sum of $140,000.00 to Ann Marker by May 31, 1991. In the event he failed to make payment by that date, interest was to accrue at the rate of eighteen percent (18%) *per annum.* The parties' property in West Virginia was to be sold immediately and the proceeds evenly divided. Debtor was to pay alimony in the amount of $800.00 per month as of May 31, 1991, and was to pay Ann Marker's counsel fees and costs in the amount of $30,000.00, with interest accruing at the rate of eighteen percent (18%) *per annum* if certain conditions were not met.

Debtor, by and through his newly-retained attorney (Joy), filed a motion for post-trial relief in the divorce proceedings on April 8, 1991. Oral argument on the motion was scheduled for June 6, 1991.

On May 17, 1991, approximately three (3) weeks before the oral argument was heard, debtor filed a voluntary chapter 7 petition in this court. The petition and attached schedules and statements had been prepared by Attorney Mark Glosser, counsel of record to debtor.

The original schedules listed assets valued at $52,155.00. Included were: the marital residence ($44,000.00); a time share property in West Virginia ($6,000.00); jewelry ($150.00); a boat and trailer ($2,000.00); and 226 shares (33%) of stock in George Marker & Sons, Inc., valued at "NONE".

The original schedules also listed unsecured debt amounting to $224,912.23. Said debts were as follows: $140,000.00 owed to Ann Marker and $30,000.00 owed to M. Farley Schlass, Ann Marker's counsel in the divorce proceedings, pursuant to the equitable distribution decree of March 28, 1991; $31,512.50 owed to Marker & Sons, Inc.; and a total of $23,399.73 in medical expenses.

On June 5, 1991, debtor brought an adversary action at Adv. No. 91–333–BM against Ann Marker, seeking a determination, pursuant to 11 U.S.C. § 523(a)(5), that the debt of $140,000.00 owed to Ann Marker and the award of $30,000.00 in counsel fees are dischargeable. The matter has not yet been decided.

Oral argument on debtor's motion for post-trial relief was heard in state court on June 6, 1991. Attorney Joy argued the matter on behalf of debtor and was accompanied and assisted by Attorney Misler.

On June 18, 1991, debtor filed an amendment to his bankruptcy schedules in which

he listed additional assets valued at $129,-255.00. Included were debtor's interest in a pension plan valued at $14,000.00. In addition, the amended schedule valued debtor's interest in the stock of Marker & Sons, Inc. at $113,000.00. Although the stock had been listed on the original schedule, debtor previously had declared it as having a value of "NONE".

On June 21, 1991, Marker filed the motions to dismiss and for sanctions pursuant to Bankruptcy Rule 9011 and 28 U.S.C. § 1927 which are now before the court. An order was issued by the court scheduling these motions for hearing on September 19, 1991.

On August 20, 1991, the chapter 7 trustee brought an adversary action at Adv. No. 91–480–BM, against debtor, Richard Marker, and George Marker & Sons, Inc., in which he seeks a determination whether debtor owns thirty-three (33%) or fifty percent (50%) of the stock in Marker & Sons, Inc. This matter has not been decided.

On September 9, 1991, Ann Marker brought an adversary action against debtor at Adv. No. 91–522–BM, seeking to deny debtor a discharge on grounds that he failed to schedule certain assets, undervalued certain others, and destroyed records relevant to the valuation and existence of assets. Alternatively, Marker seeks a determination that the debts owed to her as a result of the equitable distribution decree are not dischargeable for various reasons. Like the other two adversary actions, this matter has not been decided.

On September 12, 1991, attorneys Joy, McCartney, Misler, and Shaffer, and ESCM filed a *Motion For Sanctions Against M. Farley Schlass, Esquire, Pursuant To Bankruptcy Rule 9011 Of The Federal Rules Of Bankruptcy Procedure.*

A hearing was conducted on the above cross-motions for sanctions on September 19–20, 1991.

–II–

DISMISSAL PURSUANT
TO 11 U.S.C. § 305

Marker insists that the assets and liabilities listed on debtor's bankruptcy schedules are inaccurate and claims that his assets in reality exceed his liabilities. According to Marker, it follows that the interest of creditors and of debtor would be better served if this bankruptcy case were dismissed pursuant to 11 U.S.C. § 305(a)(1).

Marker maintains that debtor has substantially *under*valued certain of his assets. For instance, she alleges that debtor owns 50%, not 33%, of the stock of Marker & Sons, Inc., and claims that his interest therein is worth at least $169,500.00, not $113,000.00. Marker further contends that debtor has altogether failed to schedule certain other assets, including an interest in a partnership with Richard Marker, two life insurance policies, income from the sale of scrap metal, a mausoleum, and an interest in a hunting lodge. She argues that the debtor has *over*valued his liabilities. She further argues that the scheduled liabilities amounting to $23,399.73 for medical expenses are not debts owed by debtor.

11 U.S.C. § 305 provides in pertinent part:

(a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—

(1) the interest of creditors and the debtor would be better served by such dismissal or suspension ...

 Dismissal pursuant to this provision is not reviewable on appeal or otherwise. *See* 11 U.S.C. § 305(c). Such relief therefore should be granted only in egregious situations. *In re Sky Group International, Inc.*, 108 B.R. 86, 91 (Bankr. W.D.Pa.1989). Dismissal under this provision rests in the sound discretion of the court and must be made on a case-by-case basis. *In re O'Neil Village Personal Care Corp.*, 88 B.R. 76, 79 (Bankr.W.D.Pa.1988).

 The primary consideration in determining whether dismissal pursuant to 11 U.S.C. § 305(a)(1) is appropriate is whether it would serve the best interest of *both* creditors *and* debtor to do so. *Id.* By implication, dismissal would be *in*appropriate when it would be in the interest of only one creditor and would be detrimental to

debtor and to remaining creditors. *In re Sky Group International*, 108 B.R. at 91.

■ As has been noted, the motion to dismiss was predicated upon the contention that debtor's assets exceed his liabilities. This contention in turn was based primarily upon the allegation that debtor had substantially undervalued his interest in Marker & Sons, Inc. Marker has failed to establish that the value of debtor's interest in Marker & Sons, Inc. is substantially greater than $113,000.00 and, as a consequence, has failed to establish that the value of his assets exceeds the value of his liabilities.

■ Not only has Marker failed to establish this proposition, it also would be inappropriate for the court to make such a determination *at this time*. Marker alleges that debtor's interest in Marker & Sons, Inc. is 50% whereas debtor alleges that his interest therein constitutes only 33%. It previously was noted that the chapter 7 trustee has brought an adversary action against debtor, Richard Marker, and Marker & Sons, Inc. to determine whether debtor's interest in Marker & Sons, Inc., amounts to 50% or 33%.

Richard Marker, debtor's brother, has asserted that he owns sixty-seven percent (67%) of the stock of Marker & Sons, Inc. and that debtor owns the remaining thirty-three percent (33%). Richard Marker appeared at the hearing on the above motion with his own legal counsel and declined to testify concerning ownership of the stock on theory that his testimony might be used against him in the pending adversary brought by the trustee. The proper course of action under such circumstances is for the court to defer making a determination as to this issue until that adversary action has been tried. To make any determination at this time, before Richard Marker has had an opportunity to be heard on the matter, might jeopardize his constitutional right to due process. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

■ Finally, the motion to dismiss must be denied because the basis for the motion is conceptually confused. A comparison of debtor's assets and liabilities is irrelevant in this instance as to whether or not the interests of debtor and all his creditors would be better served by dismissal of this case. Their interests will *not* be "better served" by dismissal, regardless of whether debtor's assets are greater than or less than his liabilities, as is shown by the following argument.

Assume that debtor's assets are less than his liabilities. If this bankruptcy proceeding moves forward, debtor's creditors (all of whom are unsecured) would share on a *pro rata* basis in debtor's estate. The only obvious beneficiary of dismissal would be Ann Marker. Were this case to be dismissed, debtor's liability to Ann Marker would remain and she would be in a superior position to avail herself of remedies provided under the Pennsylvania Divorce Code in order to have that debt satisfied. Marker in all probability would receive more than her *pro rata* share of debtor's assets. Little or nothing would remain from which other creditors could be satisfied once the debt owed to Marker has been satisfied outside of bankruptcy.

Debtor's interest also would not be "better served" by dismissal under this assumption. As has been noted, an action by debtor against Marker (at Adv. No. 91–0333–BM) to determine whether the debt owed to her as a result of the equitable distribution decree is dischargeable pursuant to 11 U.S.C. § 523(a)(5) is pending at this time. Should debtor prevail in this matter, all or a portion of that debt would be discharged and Marker would have no recourse against debtor to satisfy that portion of the debt which exceeds her *pro rata* share of estate assets. *See* 11 U.S.C. § 727(b). Dismissal of this bankruptcy case at this time would deprive debtor of this potentially significant benefit.

The outcome is not significantly different if it is assumed that debtor's assets exceed his liabilities. Although debtor and his creditors perhaps would not be worse off were this bankruptcy case to be dismissed, they unquestionably would not be any better off under this assumption. If this bankruptcy proceeding moves forward and

distribution occurs, all creditors presumably would be paid in full, in an orderly fashion, out of estate assets. Moreover, any assets left over after distribution has taken place would revert to debtor. *See* 11 U.S.C. § 726(a)(6). All of debtor's creditors would be paid in full and debtor would retain the remainder of his assets.[2]

–III–

MOTION FOR SANCTIONS AGAINST ESCM AND ATTORNEYS JOY, MCCARTNEY, SHAFFER AND MISLER

28 U.S.C. § 1927 provides in pertinent part that:

> [a]ny attorney or other person admitted to conduct cases in any court of the United States ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct.

 This provision must be strictly construed. *Dreiling v. Peugeot Motors of America, Inc.*, 768 F.2d 1159, 1165 (10th Cir.1985). Restraint should be exercised in imposing sanctions under this provision, which is directed against attorneys who willfully abuse the judicial process. *Baker Industries, Inc. v. Cerberus, Ltd.*, 764 F.2d 204, 108 (3rd Cir.1985). A finding of bad faith on the part of the offending attorney is a prerequisite for awarding attorney's fees as a sanction under this provision. *Ford v. Temple Hospital*, 790 F.2d 342, 347 (3rd Cir.1986). In this respect, 28 U.S.C. § 1927 differs from FED.R.CIV.P. 11. *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 484 (3rd Cir.1987).

 A law firm, not just individual attorneys, also may be sanctioned under this provision. *Brignoli v. Balch, Hardy & Scheinman, Inc.*, 735 F.Supp. 100, 102 (S.D.N.Y.1990).

 Marker contends that ESCM, acting through attorneys Joy, McCartney, Shaffer, and Misler, "formulated and put into motion the litigation strategy and tactics employed by the debtor", in purported violation of 28 U.S.C. § 1927. Specifically, Marker makes the following allegations.

Margaret Joy, whose first appearance was entered in the divorce proceeding in April of 1991, was responsible for providing a courtesy copy of debtor's bankruptcy petition to Marker's counsel on May 28, 1991. Robert McCartney, corporate counsel to Marker & Sons, Inc., testified under subpoena issued by Marker's counsel in the divorce proceedings and made corporate records available for inspection by Marker's counsel. John Shaffer, counsel for the decedent's estate of George Marker, debtor's father and founder of Marker & Sons, Inc., contacted debtor concerning the value of stock in Marker & Sons, Inc., which is reflected in the tax return filed by decedent's estate. Alan Jeffrey Misler accompanied and advised Attorney Joy on bankruptcy matters at the hearing in the divorce proceeding held on June 6, 1991. ESCM allegedly "aided and abetted in the orchestration of the debtor attempting to defraud the movant and the Bankruptcy Court" by referring debtor to Attorney Mark L. Glosser.

The motion for sanctions against ESCM and attorneys Joy, McCartney, Shaffer, and Misler pursuant to 28 U.S.C. § 1927 must be denied because this court lacks jurisdiction to hear or decide this matter based upon the motion procedures utilized and based upon the facts of the case.

Marker in effect is seeking to have sanctions imposed upon persons who are not in any way before the court in connection with this case. ESCM and attorneys Joy, McCartney, Shaffer, and Misler are not parties or counsel of record to any party in either this bankruptcy proceeding or any

---

**2.** A strong argument can be made that debtor's creditors would be better off under this assumption if the case remains in bankruptcy. Debtor, by voluntarily filing for bankruptcy, has set into motion a procedure whereby his assets will be liquidated and distribution will be made by a chapter 7 trustee in an orderly manner to debtor's creditors. Were debtor not in bankruptcy and a trustee not in place, debtor's creditors would not enjoy this procedure for orderly distribution and might have difficulty in having the debts owed to them satisfied.

proceeding connected thereto. They did not prepare debtor's bankruptcy petition or the attached schedules and statements, and do not represent debtor as counsel in this case. In addition, they are not counsel of record to any parties in the pending adversary actions. This court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person against whom the claim is made or the obligation is sought to be enforced. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110, 89 S.Ct. 1562, 1569, 23 L.Ed.2d 129 (1969).

 This motion would be denied even if this court did have jurisdiction over ESCM and its attorneys as there has been no showing that ESCM and its attorneys willfully abused the judicial process in any way in connection with this bankruptcy proceeding. Specifically, there has been no showing by credible evidence that ESCM and its attorneys unreasonably and vexatiously multiplied proceedings in this case by "orchestrating" a "wrongful" bankruptcy whereby debtor attempted to commit a fraud upon Marker and this court. The most that can be said is that ESCM concluded that it could not represent debtor in the bankruptcy proceeding and referred the matter to outside counsel.

–IV–

## MOTION FOR SANCTIONS AGAINST DEBTOR AND DEBTOR'S COUNSEL

 Bankruptcy Rule 9011 provides in pertinent part as follows:

(a) *Signature.* Every petition, pleading, motion and other paper served in a case under the Code on behalf of a party represented by an attorney ... shall be signed by at least one attorney of record in the attorney's individual name ... A party who is not represented by an attorney shall sign all papers ... The signature of an attorney or a party constitutes a certification that the attorney or party has read the document, that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation or administration of the case ... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

Bankruptcy Rule 9011 "tracks FED. R.CIV.P. 11, with only such modifications as are appropriate in bankruptcy matters. In providing for sanctions, Rule 9011 discourages in bankruptcy proceedings the same type of conduct which FED.R.CIV.P. 11 proscribes." *Cinema Service Corp. v. Edbee Corp.*, 774 F.2d 584, 585 (3rd Cir. 1985). Rule 9011 is designed to discourage pleadings that are "frivolous, legally unreasonable, or without factual foundation ..." *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 157 (3rd Cir.1986).

Subjective good faith no longer provides the "safe harbor" it once did. *Id.* The test is an objective one of reasonableness under the circumstances. *Dura Systems, Inc. v. Rothbury Investments, Ltd.*, 886 F.2d 551 (3rd Cir.1989).

The required certification constitutes a warrant that the document is not being used for some improper purpose, such as to harass, cause undue delay, or to needlessly increase the cost of litigation. *Lieb*, 788 F.2d at 157.

 Imposition of sanctions is mandatory, not discretionary, when Rule 9011 has been violated. *In re Chisum*, 847 F.2d 597, 599 (9th Cir.1988). Use of the word "shall" is meant to overcome the reluctance of trial judges to impose sanctions against errant counsel and parties. *Lieb*, 788 F.2d at 157. Rule 9011 does, however, grant the trial judge broad discretion to determine

the type of sanction to be imposed. The rule avoids placing explicit limitations on the kinds of sanctions that may be imposed. They need only be "appropriate". *Id.* Although a subjective test is not to be employed in determining whether sanctions must be imposed, it may be relevant in determining the appropriate sanction. *Id.*

The primary purpose of Rule 11 is to deter abuses of the judicial process. *Doering v. Union County Board of Chosen Freeholders,* 857 F.2d 191, 194 (3rd Cir.1988). Sanctions that deter are necessary to vindicate the court's authority, to remind those who need reminding of the protocol, and to ensure orderliness in the judicial process. *Anderson v. Beatrice Foods Co.,* 900 F.2d 388, 394 (1st Cir.1990). Rule 11 is not intended, however, "to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories". *Gaiardo v. Ethyl Corp.,* 835 F.2d at 482.

A particular sanction is "appropriate" when it is the *minimum* required to deter the offending behavior. *Doering,* 857 F.2d at 194. The least severe sanction adequate to effect deterrence should be imposed. *Id.*

As the language of Rule 9011 states, counsel fees and expenses may be an appropriate sanction. The starting point for determining the amount of attorney's fees is the so-called "lodestar" calculation which is the product of the number of hours spent in response to the objectionable action multiplied by an hourly fee based on the prevailing market rate. *Doering,* 857 F.2d at 195.

Marker argues that both debtor and his bankruptcy counsel acted in violation of Bankruptcy Rule 9011 and seeks to recover from them her costs and attorneys' fees incurred in connection with this bankruptcy proceeding.

Marker insists that debtor knowingly filed false schedules of his assets and maintains that the present bankruptcy was commenced in order to deprive the state court of continuing jurisdiction over the bankruptcy proceeding. According to Marker, debtor "has acted in bad faith, vexatiously, wantonly, and has unnecessarily enhanced the litigation over the matters raised in, first, the state action, and now in the Bankruptcy Court".

As for debtor's bankruptcy counsel, Marker insists that he was "a party to the bad faith filing and the continuation of the within proceedings" in that he "had knowledge or received knowledge of the secretion of assets and did not cause the filing of amendments of the schedules or withdraw his appearance for the Debtor . . . .".

This motion is without merit and consequently must be denied. The allegations that debtor acted in bad faith by knowingly filing false schedules of his assets and that debtor's counsel knew of the "secretion of assets" are unfounded. The determination already has been made that Marker failed to demonstrate that debtor knowingly failed to schedule certain of his assets and/or undervalued others.

Furthermore, the allegation that debtor's counsel failed to cause the filing of amended schedules is contradicted by the record. The motion for sanctions under consideration at this time was filed with the court on June 21, 1991. Three (3) days earlier, on June 18, 1991, debtor filed an amendment to Schedule B–2 in which he itemized assets not previously listed and in which he assigned a value to his interest in Marker & Sons, Inc. when he had not done so originally. Had counsel to Marker taken time to review the docket and the record in this case before filing this motion, she would have discovered this amendment and would have realized that this particular allegation was unsubstantiated.

There is yet another reason why this motion must be denied: the accusation that commencement of this bankruptcy case was "vexatious" in that debtor intended to delay the divorce proceedings in state court is unfounded. The automatic stay provided for at 11 U.S.C. § 362(a) is "one of the fundamental debtor protections provided by the bankruptcy laws". H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6296. In addition to providing a debt-

or with a "breathing spell", the automatic stay protects creditors by according them equal treatment. *H & H Beverage Distributors v. Dept. of Revenue*, 850 F.2d 165, 166 (3rd Cir.) *cert. denied*, 488 U.S. 994, 109 S.Ct. 560, 102 L.Ed.2d 586 (1988). It ensures that claims against a debtor and the debtor's estate are resolved in an orderly fashion under the Code and prevents a "chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts". *In re Holtkamp*, 669 F.2d 505, 508 (7th Cir.1982).

It appears from the present state of the record that debtor was merely attempting to obtain a much-needed "breathing spell" by filing the bankruptcy petition and was instituting a procedure whereby *all* of his creditors would share in his assets in an orderly fashion. Although the filing of the bankruptcy petition undoubtedly was vexing to Ann Marker in that it raised the possibility that her hard-fought victory against debtor might be adversely affected, it was not "vexatious" for purposes of Bankruptcy Rule 9011.

Marker also seeks sanctions against debtor's counsel pursuant to 28 U.S.C. § 1927 on the same basis that sanctions against him were sought pursuant to Bankruptcy Rule 9011. According to Marker, counsel to debtor was "a party to the bad faith filing and the continuation of the within proceedings". This motion fails for the same basic reason that the motion against counsel to debtor fails. The accusation that this bankruptcy proceeding was brought in bad faith and therefore was merely vexatious was not proven. The evidence presented indicates that debtor merely chose to avail himself of the procedures and remedies guaranteed to him under the First Article to the United States Constitution and available to him under the Bankruptcy Code.

–V–

MOTION BY ESCM AND ATTORNEYS JOY, MCCARTNEY, SHAFFER, AND MISLER FOR SANCTIONS AGAINST ATTORNEYS SCHLASS AND SILVESTRI

 ESCM and attorneys Joy, McCartney, Shaffer, and Misler have brought a counter-motion against M. Farley Schlass and John M. Silvestri, Marker's co-counsel in this case, pursuant to Bankruptcy Rule 9011 and 28 U.S.C. § 1927. They allege that Schlass and Silvestri filed, briefed, and prosecuted "a patently frivolous motion in this Court, which motion has served to unreasonably and vexatiously multiply the proceedings in this matter". Movants seek to recover attorneys' fees and expenses incurred in opposing the motion against them for sanctions.

The motion for sanctions against ESCM and its attorneys was signed by Attorney Schlass and was filed with the court on June 21, 1991. Attorney Silvestri was not a signatory to said motion.

On September 12, 1991, ESCM and its attorneys filed a motion for sanctions against Attorney Schlass, pursuant to Bankruptcy Rule 9011. Sanctions were not sought against Attorney Silvestri at that time. A hearing was held on September 19–20, 1991, concerning all of the above motions that had been filed prior to that date. On September 19, 1991, the first day of the hearing, counsel for Marker filed with the court a brief in support of her motion to dismiss and for sanctions against debtor, debtor's counsel, ESCM, and its attorneys. The brief was signed by Attorney Silvestri as co-counsel for Marker. On September 20, 1991, the second day of the hearing, counsel for ESCM and its attorneys announced that they wished to "supplement" their previous motion and advised the court that a written supplement would be filed to include attorney Silvestri. They orally advised the court that they would seek sanctions against both attorneys under 28 U.S.C. § 1927 as well as Bankruptcy Rule 9011. On September 27, 1991, approximately one (1) week after the hearing had been concluded, ESCM and its attorneys filed a "Supplement" to their motion with the court and served it upon attorneys Schlass and Silvestri.

The motion for sanctions will be granted with respect to Attorney Schlass and will be denied with respect to Attorney Silvestri. The motion for sanctions against

ESCM and its attorneys for allegedly violating 28 U.S.C. § 1927 was itself in violation of Bankruptcy Rule 9011, as it was neither well-grounded in fact nor warranted by existing law or a good-faith argument for the extension, modification, or reversal thereof. To the contrary, it was based upon an accumulation of unconnected legal activities and founded upon imagination and suspicion.

It was noted when the motion was discussed previously that ESCM and its attorneys were neither parties to nor counsel of record to any parties in either this bankruptcy proceeding or any proceeding connected thereto. ESCM and its attorneys are before the court only by virtue of service of the motion to dismiss the bankruptcy proceedings which also contained, nearly as an afterthought, these serious allegations of misconduct. In spite of these uncontroverted facts, Marker and her counsel sought to have ESCM and its attorneys sanctioned. This court determined previously (in this Memorandum Opinion) that it lacked jurisdiction to sanction ESCM and its attorneys because they were not involved in any way in this case (outside of being named in the motion).

Counsel for Marker claimed, when pressed to justify the astonishing proposition that persons who were not before the court could be sanctioned under 28 U.S.C. § 1927, that such a result was supported by existing law and cited to two case which purportedly stated their position. They cited to *Chambers v. NASCO, Inc.*, 501 U.S. ——, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991), and *In re Johnson*, 24 B.R. 832 (Bankr. E.D.Pa.1982).

Neither of the opinions cited supports the proposition that one who is not before the court either as a party or as counsel of record to a party may be sanctioned pursuant to 28 U.S.C. § 1927. To the contrary, *Chambers* in its opening sentence frames the issue as to inherent power of a federal court to sanction a litigant. *Johnson* deals with counsel to debtor who by local rule entered his appearance in the proceeding. Rather than convincing the court as to the good faith of counsel's argument, these citings further bolster the determination that this matter is not pursued with proper intent.

Although sanctions will be imposed against Attorney Schlass pursuant to Bankruptcy Rule 9011 for executing the motion for sanctions against ESCM and its attorneys, the request that sanctions also be imposed against Attorney Silvestri shall not be addressed at this time. The "supplemental" motion against him was not filed with the court and served upon him until approximately a week after the hearing on all of the other matters had been completed. Silvestri's right to due process would be violated were this court to sanction him without first providing an opportunity to be heard and defend himself.

The only matter remaining to be resolved is to determine the appropriate sanction to be imposed on Attorney Schlass for violating Bankruptcy Rule 9011.

ESCM and its attorneys provided the court with no basis for determining the amount of attorneys' fees and costs incurred as a result of the frivolous motion against them. The only matter of record which the court has for imposing a monetary sanction is that the hearing at which the motion against them was heard lasted a total of fourteen (14) court hours. Although two (2) attorneys attended the hearing on their behalf, one (1) attorney would have been sufficient. As a result, the services of only one attorney will be compensated at an hourly rate of $100.00, which the court finds to be reasonable under the circumstances. Attorney Schlass will be directed to pay ESCM and attorneys Joy, McCartney, Shaffer, and Misler the sum of $1,400.00 in attorneys fees stemming from the frivolous motion pursued against them for sanctions.

An appropriate Order shall be issued.

## ORDER OF COURT

AND NOW at Pittsburgh this 1st day of November, 1991, in accordance with the foregoing Memorandum Opinion of this same date it is ORDERED, ADJUDGED and DECREED that:

(1) the Motion To Dismiss Under 11 U.S.C. Section 305, filed at Motion No. 91–4608 by Ann M. Marker, be and is DENIED;

(2) the Motion For Attorneys' Fees Pursuant To 28 U.S.C. § 1927 against the law firm of Eckert Seamans Cherin & Mellott and attorneys Margaret P. Joy, Robert C. McCartney, Alan J. Misler, and John P. Shaffer, filed at Motion No. 91–4608M by Ann M. Marker, be and is DENIED;

(3) the Motion Pursuant To Bankruptcy Rule 9011 and 28 U.S.C. § 1927 to sanction debtor and Mark L. Glosser, filed at Motion No. 91–4608M by Ann M. Marker, be and is DENIED;

(4) the Motion For Sanctions Against M. Farley Schlass, Esquire, Pursuant To Rule 9011 Of The Federal Rules Of Bankruptcy Procedure, filed at Motion No. 91–6631M by Margaret P. Joy, Esquire, Robert C. McCartney, Esquire, Alan J. Misler, Esquire, John P. Shaffer, Esquire, and the law firm of Eckert Seamans Cherin & Mellott, is GRANTED; Attorney Schlass is directed to pay $1,400.00 to defray attorneys' fees incurred by them in defending against the motion; and

(5) the Supplement To Motion For Sanctions Pursuant To Rule 9011 Of The Federal Rules Of Bankruptcy Procedure (Motion No. 91–6631M) filed by Margaret P. Joy, Esquire, Robert C. McCartney, Esquire, Alan J. Misler, Esquire, John P. Shaffer, Esquire and the law firm of Eckert Seamans Cherin & Mellott, be and is NOT GRANTED.