**In re the FAX STATION, INC., Debtor.**

**Bankruptcy Nos. 90–10779, 90–11103.**

United States Bankruptcy Court,
D. Rhode Island.

Aug. 24, 1990.

Z. Hershel Smith, DiSandro–Smith, P.C., Inc., Providence, R.I., for debtor.

Keven A. McKenna, David C. Fallon, McKenna, Greenwood & Feinstein, Providence, R.I., for George Strouthopoulos.

Jonathan F. Oster, Oster & Groff, Lincoln, R.I., for Donald Storozuk, Kenneth Pincins, Joyce Searles and Lorraine Vadnais.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Heard on July 11, and August 6, 1990 on motions of George Strouthopoulos requesting this Court to abstain, pursuant to 11 U.S.C. § 305(a), from entertaining: (1) an involuntary petition (BK No. 90–10779) filed by three creditors; and (2) the voluntary petition (BK No. 90–11103) filed on July 17, 1990 by Joyce Searles as principal. The petitioning creditors in the involuntary case, and the voluntary debtor [1] object to both motions, on the ground that the factors necessary for this Court to order discretionary abstention are not present. We disagree, and will abstain in both cases for the reasons discussed below.

11 U.S.C. § 305(a), entitled "Abstention," provides in relevant part that:

> The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—
>
> (1) the interests of creditors and the debtor would be better served by such dismissal or suspension;

Courts construing this section recognize that care is required in exercising the discretion granted by section 305(a) to dismiss a case, particularly in view of its nonappealability. *Matter of Luftek, Inc.,* 6 B.R. 539, 548 (Bankr.E.D.N.Y.1980); *Matter of Win–Sum Sports, Inc.,* 14 B.R. 389,

---

**1.** The gist of this litigation is a dispute as to who actually "owns" the debtor corporation, and who has the authority to act in its behalf.

393 (Bankr.D.Conn.1981). Therefore, in determining whether dismissal under § 305(a) is appropriate, "courts have looked to the facts of the individual cases" while considering a number of criteria. *In re Artists' Outlet, Inc.*, 25 B.R. 231, 233 (Bankr.D. Mass.1982). Such factors generally include: (1) economy and efficiency of administration; (2) whether another forum is available to protect the interests of both parties or there is already a pending proceeding in a state court; (3) whether federal proceedings are necessary to reach a just and equitable solution; (4) whether there is an alternative means of achieving the equitable distribution of assets; (5) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case; (6) whether a non-federal insolvency has proceeded so far in those proceedings that it would be costly and time consuming to start afresh with the federal bankruptcy process; and (7) the purpose for which bankruptcy jurisdiction has been sought. *In re Artists' Outlet, Inc., supra,* at 232–233 (and cases cited therein); *Matter of Win–Sum Sports, Inc., supra,* at 394.

 Upon consideration of these factors vis-a-vis the facts before us, we conclude that this is a proper case for abstention under § 305(a). To begin with, prior to the filing of the instant involuntary petition on May 24, 1990, a state court receivership was pending in the Providence County Superior Court, and a hearing on the appointment of a permanent receiver was scheduled, in that court, to commence that same day. The petitioning creditors argue here that nobody was willing to accept appointment as the permanent state court receiver, but instead of allowing that hearing to proceed, as scheduled, they filed the instant involuntary bankruptcy petition, BK No. 90–10779. George Strouthopoulos, who claims to be the owner of The Fax Station, Inc., disputes the validity of nearly everything about the petitioning creditors. In the Superior Court litigation, entitled *George Strouthopoulos, United States Mail Services, Inc. d/b/a The Fax Station, et al. v. James Searles, Z. Hershel Smith, Joyce Searles, Donald Storozuk, Kenneth Pincins, United States Mail Services, Inc., its Successor Name, The Fax Station Inc. and MacBaeder Corporation,* Strouthopoulos raises numerous state law issues, including his alleged ownership of the stock of the corporation. After a full hearing [2] on Strouthopoulos' original motion to abstain in the involuntary case, but before a decision was rendered thereon, The Fax Station, Inc. (through Joyce Searles), filed a voluntary Chapter 7 petition on July 17, 1990, BK No. 90–11103. Strouthopoulos filed an identical Motion to Abstain in the voluntary case, which motion was heard on August 6, 1990.

Except for the testimony of two petitioning creditors,[3] and Z. Hershel Smith, Esq.,[4] who assisted in the removal of the debtor's books and records on February 25, 1990, no evidence was presented as to the position of ordinary trade creditors with respect to these motions. Counsel for the petitioning creditors, Jonathan Oster, Esq., represented that his "impression" is that creditor

---

2. In argument during the August 6, 1990 hearing, Attorney Oster argued that the Court was hearing only half of the story, and that no evidence on the petitioners' side of the case was being considered. We are at a complete loss to understand this complaint, since he called no witnesses at the July 11, 1990 hearing in the involuntary case. In addition, after the filing of the voluntary petition on July 17, 1990, the matter was reopened, and Oster was afforded yet another opportunity to present evidence, and again, he failed to do so. Mr. Oster's criticism of the fairness of this proceeding, in light of his unilateral decision to not offer evidence, is an obvious distortion of the record, which deserves a reprimand.

3. For the purpose of this motion, we have relied upon the entire bankruptcy case record, including testimony and evidence presented at prior hearings. *In re Saco Local Development Corp.,* 30 B.R. 862 (Bankr.D.Me.1983).

4. Curiously, Mr. Smith is the agent for service of the debtor corporation, and was its attorney in fact until the parties herein had their falling out. Presently, Mr. Smith has taken the side of Joyce Searles in the ownership dispute over The Fax Station, Inc.

claims total one million dollars,[5] and that without bankruptcy intervention, there will be no protection for these creditors. Similarly, in argument, creditors' counsel summarily dismisses Strouthopoulos' claim of ownership,[6] and urges the Court to accept that representation as fact. But on that issue as well, Mr. Oster has presented no evidence to support his position. The movant disputes and objects to the Court's consideration of these unsupported representations, and in the confrontational atmosphere that exists herein, we may not use bald statements of counsel as the basis for a ruling.

Mr. Smith, on behalf of the debtor in the voluntary filing, also failed to present evidence of creditor interest,[7] but instead attempted to turn the hearing into a trial against the MacBaeder Corporation, which formerly maintained credit card fax machines and reports, and disbursed collected funds for The Fax Station. Rather than supporting the objection to the motion to abstain, this testimony only highlights the fact that the instant dispute mainly involves state law issues of corporate ownership, fraud, and credibility. The contested issues are not bankruptcy related, but instead are state law questions which should be litigated in the state courts.

Based on all of the foregoing, we conclude that this is a private dispute between competing interests over the ownership of a business, and not a proper attempt by either the petitioning creditors or Joyce Searles to utilize the bankruptcy system for the orderly liquidation and distribution of creditor claims. Although we initially hesitated to characterize the petitioning creditors as "recalcitrant," as that term is used in the legislative history of § 305(a),

based on our careful review of the entire record, we do make that finding, and also conclude that said creditors are "seeking to use the bankruptcy court as an alternate approach to state court procedures to resolve intra-company management and stockholder problems," *Matter of Win–Sum Sports, Inc., supra,* at 394, a use for which this Court was not intended by the drafters of the Code.

We also have serious reservations as to the good faith of Joyce Searles in filing the voluntary petition, as indicated by her timing, in view of her presence at the hearing on the motion to abstain in the involuntary case, her involvement in the State Court litigation, and her representation in the State Court by counsel for the petitioning creditors in this Court. We do not single out Joyce Searles, however, in our ruling that the "petitioners," collectively, and their attorneys, are improperly seeking the intervention of this Court. Considering all of the facts and circumstances, the appropriate course for this dispute is that the parties should litigate all ownership questions in the state courts, where they were initiated, and that when the real "Mr. or Ms. Fax Station" is able to stand up, he or she may then decide whether, and in what manner, to administer the liquidation and distribution of the assets of the business.

Accordingly, it is ORDERED that the Motions of George Strouthopoulos to Abstain are GRANTED, and both cases are DISMISSED.

---

**5.** Mr. Oster has no excuse for not presenting evidence as to the creditor picture, because he represents Joyce Searles in the State Court litigation, and she has possession of the books and records.

**6.** Attorney Oster's suggestion that this Court should rely solely on his statement that "the issue of ownership is in Strouthopoulos' mind only," without any supporting evidence, is particularly unpersuasive in light of his representation of the other alleged owner of the corporation, Joyce Searles, in the State Court action.

This argument is disingenuous and confusing, considering his argument that one of the factors to be considered under § 305(a), the debtor's willingness to make arrangements out of court, has not been met.

**7.** Although Mr. Smith asks the Court to take specific notice of the schedules filed in the voluntary case, without a determination as to who has the legal authority to act on behalf of the corporation, such information may be given only minimal weight.