## In re SILVER SPRING CENTER, Debtor.

### Bankruptcy No. 94–12822.

United States Bankruptcy Court, D. Rhode Island.

Feb. 17, 1995.

Marty C. Marran, Pawtucket, RI, for debtor.

Russell D. Raskin, Raskin & Berman, Providence, RI, for R.S.S. Realty Trust, Inc.

Sheryl Serreze, Office of the U.S. Trustee, Providence, RI.

### ORDER DISMISSING CASE

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on December 21, 1994, and January 4, 5, and 9, 1995, on the motion of R.S.S. Realty Trust, Inc. to dismiss this Chapter 11 case, or alternatively, to appoint a Chapter 11 Trustee. Based upon the pleadings filed, the extensive evidence presented, the arguments of counsel, and the record in this and

---

in prior proceedings involving many of the same parties, we conclude that this is an appropriate case for abstention and dismissal under § 305(a).[1]

On December 9, 1994, R.S.S. Realty Trust filed a motion in the Providence County Superior Court for the appointment of a temporary receiver, and said motion was granted ex parte. On December 13, 1994, the parties appeared before Judge Richard Israel on Silver Spring's motion to vacate the appointment of the temporary receiver, and raised many of the issues now being litigated here. Judge Israel overruled Silver Spring's objection and affirmed the appointment of a temporary receiver. Later that same day Silver Spring Center filed the instant Chapter 11 case.

Also pending before the Providence County Superior Court is an action entitled *Jeremiah v. Smith & R.S.S. Realty Trust, Inc.*, C.A. No. 95–202. The plaintiff in that action is a principal of the Debtor. The resolution of that litigation will be dispositive of the gravamen of the dispute before this Court (i.e., whether R.S.S. Realty Trust is a valid assignee of the note and mortgage encumbering the subject real estate, or whether it holds the property in constructive trust for the Debtor). This is a classic two party dispute, involving solely state law issues that are currently pending before the Rhode Island Superior Court. As conceded by the Debtor, the relationship of these parties, vis-a-vis their mortgagor-mortgagee status, must be resolved before any reorganization is possible.[2]

The Debtor complains that without Bankruptcy Court intervention it will probably be dispossessed of its real estate *before* litigating the merits of the dispute, but that tactical concern is not well founded as a matter of law. If the Debtor's position has merit, it may seek injunctive relief in the State Court pending the outcome of the litigation there. Conversely, if there is no merit to the Debtor's position, then it should fail, regardless of the forum in which the issues are litigated. Because the Debtor thinks it would be happier in the Bankruptcy Court, does not entitle it to be here.

Accordingly, pursuant to the provisions of 11 U.S.C. § 305(a), we abstain, and dismiss this Chapter 11 case, without prejudice.

---

1. Many of the factors supporting dismissal and recited in *In re Fax Station, Inc.*, 118 B.R. 176 (Bankr.D.R.I.1990), are present in the instant case.

2. Also at issue in the State Court litigation are: (1) the identity of the mortgagee; and (2) whether the balance due is $2.5 Million or $200,000.