In re Carl M. MAZZOCONE, Debtor.

Civil Action No. 95–4258.
Bankruptcy No. 93–12296S.

United States District Court,
E.D. Pennsylvania.

Sept. 10, 1996.

Joel W. Todd, Stephen W. Edwards, Dolchin, Slotkin & Todd, P.C., Philadelphia, PA, Armando A. Pandola, Jr., Armando A. Pandola, Jr., P.C., Philadelphia, PA, for Carl Mazzocone.

Neil S. Witkes, John F. Gullace, Manko, Gold and Katcher, Bala Cynwyd, PA, for Lewis Kates.

Lewis Kates, Kates and Console, Philadelphia, PA, Neil S. Witkes, Manko, Gold & Katcher, Bala Cynwyd, PA, for Judith A. Kates.

Joseph F. Minni, Philadelphia, PA, for United States Trustee.

## *MEMORANDUM*

LOWELL A. REED, Jr., District Judge.

The instant appeal arises out of the Chapter 11 bankruptcy proceedings of Carl M. Mazzocone, debtor. Currently before this Court is the appeal of Lewis Kates and Judith A. Kates from an Order of the United States Bankruptcy Court for the Eastern District of Pennsylvania dated June 2, 1995 suspending this bankruptcy case pursuant to 11 U.S.C. § 305(a) ("June 2, 1995 Order"). This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a).[1] For the following reasons, the June 2, 1995 Order will be affirmed.

## I. BACKGROUND

The pre-June 2, 1995 factual and procedural background of this case has been summarized in the previous opinions of this Court and in the opinion entered by the Bankruptcy Court in support of the June 2, 1995 Order and so will not be repeated in any great detail here. *See Kates v. Fox, Rothschild, O'Brien & Frankel (In re Mazzocone )*, Civil Action Nos. 94–5068, 94–5201, 1995 WL 113110 (E.D.Pa. Mar. 16, 1995) ("*Mazzocone III*"); *Kates v. Mazzocone (In re Mazzocone)*, 180 B.R. 782 (E.D.Pa.1995) ("*Mazzocone II* "); *Kates v. Mazzocone (In re Mazzocone)*, Civil Action No. 93–6231, 1995 WL 80090 (E.D.Pa. Feb. 24, 1995) ("*Mazzocone I*"); *In re Mazzocone*, 183 B.R. 402 (Bankr. E.D.Pa.1995) ("*Mazzocone IV*"). On April 16, 1993 debtor Mazzocone filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code. After numerous attempts were made by the parties to resolve the various disputes relating to the estate of debtor, the United States Trustee filed a motion to dismiss this case pursuant to 11 U.S.C. § 1112(b), a motion in which the debtor ultimately joined. Appellant Lewis Kates opposed this motion and instead filed a motion to convert this case to a Chapter 7 proceeding. On June 1, 1994 the Bankruptcy Court held a hearing on the motion to dismiss, and on June 2, 1994 the Bankruptcy Court entered an order granting the motion

to dismiss. Appellant Lewis Kates filed an appeal from that order, and on March 6, 1995 this Court vacated that order and remanded this case to the Bankruptcy Court based on the conclusion of this Court that the Bankruptcy Court had failed to properly consider certain allegations put forward by Lewis Kates. The Bankruptcy Court then held several days of hearings in April 1995 regarding the proper disposition of this case and on June 2, 1995 ordered that this case be suspended pursuant to 11 U.S.C. § 305(a) ("Section 305(a)") pending a status hearing to be held December 6, 1995. Appellants then filed the instant appeal from the June 2, 1995 Order. In subsequent orders the Bankruptcy Court has ordered that this case remain in suspense pending further status hearings; the next such hearing is scheduled for October 15, 1996.

## II. DISCUSSION

Initially it should be noted that while appellant Lewis Kates and debtor Carl M. Mazzocone, who was the only party to file a brief in opposition to this appeal, focus in their briefs primarily on the application of Section 1112(b) to the instant case, the Order which has been appealed from was issued pursuant to Section 305(a) and not Section 1112(b). As a result, the proper focus of this appeal is not on whether Section 1112(b) was properly applied but is rather on whether the Bankruptcy Court properly suspended this case pursuant to Section 305(a).

It should also be noted that while both Lewis Kates and Judith A. Kates appear on the docket of this case as appellants, only Lewis Kates has filed a brief in support of this appeal. As a result, all references to "appellant" in this memorandum opinion are to Lewis Kates.

### A. *Standard of Review*

A decision regarding whether to dismiss or suspend a bankruptcy case pursuant to Section 305(a) is reviewed for abuse of discretion. *See, e.g., In re Bailey's Beauti-*

---

1. Debtor Mazzocone challenged the jurisdiction of this Court over the instant appeal both in his responsive brief and in a separate motion for dismissal, but this challenge was rejected in the March 8, 1996 Order of this Court denying the motion for dismissal.

*cians Supply Company,* 671 F.2d 1063, 1067 (7th Cir.1982); *Marker v. Marker (In re Marker),* 133 B.R. 340, 344 (Bankr.W.D.Pa. 1991); *In re Business Info. Co.,* 81 B.R. 382, 386–87 (Bankr.W.D.Pa.1988). Any factual findings relied upon by the bankruptcy court in exercising its discretion are reviewed under a clearly erroneous standard and any legal conclusions relied upon by the bankruptcy court are subject to plenary review. *Zolfo, Cooper & Co. v. Sunbeam–Oster Co.,* 50 F.3d 253, 257 (3d Cir.1995); *Universal Minerals, Inc. v. C.A. Hughes & Co.,* 669 F.2d 98, 102–03 (3d Cir.1981).

### B. *Scope of Remand*

■ Appellant argues that the decision by the Bankruptcy Court to suspend this case pursuant to Section 305(a) both exceeded the mandate of this Court and violated previous holdings by the Bankruptcy Court, holdings which constituted the law of the case. In support of his first argument, appellant points to a case in which the Court of Appeals for the Third Circuit reversed the decision of a district court because the district court had exceeded the mandate on remand from the Supreme Court of the United States. *See Casey v. Planned Parenthood,* 14 F.3d 848 (3d Cir.1994). In *Casey,* the Supreme Court had upheld as constitutional a number of provisions of the Pennsylvania Abortion Control Act of 1982, but the district court on remand had reopened the record and continued an injunction barring the enforcement of those provisions. *Id.* at 853–54 (summarizing history of the case). Finding that the Supreme Court had established a new standard for deciding the constitutionality of the provisions at issue, the district court reopened the record because it concluded that the plaintiffs should be allowed an opportunity to attempt to meet the new standard. *Id.* at 854. The Court of Appeals found, however, that the Supreme Court had not only specified a new standard but had also applied that new standard to the disputed provisions and so had decided on the merits the constitutionality of those provisions. *Id.* at 857.

As this summary makes clear, *Casey* is distinguishable from the instant case. Unlike the Supreme Court in *Casey,* this Court in its previous opinion made no determinations on the merits before remanding this matter to the Bankruptcy Court. *See Mazzocone II,* 180 B.R. 782. As the Court of Appeals held in *Casey,* "[t]he mandate rule applies ... only to those issues that were decided by the appellate court." *Casey,* 14 F.3d at 857; *see also Bankers Trust Co. v. Bethlehem Steel Co.,* 761 F.2d 943, 950 (3d Cir.1985) (holding that a trial court is "free to make any order or direction in further progress of the case, not inconsistent with the decision of the appellate court, as to any question not settled by the [appellate] decision"). In addition, this Court is in the unique position of knowing exactly what was intended on remand, and so can state definitively that there was no intention on the part of this Court to restrict the ability of the Bankruptcy Court to resolve this case in any manner which the Bankruptcy Court felt was appropriate under the law and the facts. This Court therefore concludes that the Bankruptcy Court did not exceed the mandate of this Court when it chose to suspend this case pursuant to Section 305(a).

■ Appellant also argues that the Bankruptcy Court was bound by its previous decision not to apply Section 305(a) to this case; that decision was based on a finding that the bankruptcy process would provide a quicker and more efficient resolution of the matters in dispute that the state court system. *See Livesey v. Kates (In re Mazzocone),* Bankr. Nos. 93–12296S, 93–0564S, 93–0565S, 93–0566S, 93–0567S, 93–0568S, 93–0569S, 93–0570S, 93–0571S, 1993 WL 340942, at *2 (Bankr.E.D.Pa. Aug. 25, 1993). This argument overlooks, however, the fact that the Bankruptcy Court found when it issued its June 2, 1995 Order that the state court system now provided the best hope for resolving the matters in dispute.[2] *Mazzocone IV,* 183 B.R. at 414. While not explicitly stating that the facts had changed since it rendered the

---

**2.** Appellant contests this finding, but having carefully reviewed the record this Court concludes that this finding was not clearly erroneous

and so cannot be rejected by this Court. *See supra* part II.F.

1993 opinion upon which appellant now relies, this Court concludes that the Bankruptcy Court implicitly made such a determination. *See In re Brown,* 21 B.R. 701, 703 (Bankr. 1st Cir.1982) (holding that supporting facts that are not explicitly stated but which can be inferred from the findings of the bankruptcy court will be deemed to have been inferred) (citing *Zimmerman v. Montour R.R. Co.,* 296 F.2d 97, 98 (3d Cir.1961), *cert. denied,* 369 U.S. 828, 82 S.Ct. 845, 7 L.Ed.2d 793 (1962)). As a result, this Court concludes that the Bankruptcy Court was not barred by the law of the case from suspending this case pursuant to Section 305(a).

### C. *Discovery and Evidence*

■ Appellant also contests the decisions by the Bankruptcy Court to not allow further discovery and to limit the testimony that appellant could present on remand to persons and subject matters which appellant had identified at the June 1, 1994 hearing. Specifically, appellant argues that the Bankruptcy Court was required to make a new determination regarding dismissal versus conversion under Section 1112(b) on remand, and so it was improper for the Bankruptcy Court to limit discovery and testimony. *See Bankers Trust Co.,* 761 F.2d at 950 (holding that "upon a reversal and remand for further consistent proceedings, the case goes back to the trial court and there stands for a new determination of the issues presented as though they had not been determined before").

■ As decisions by a bankruptcy court regarding the scope of evidence to be considered and the management of discovery are discretionary, such decisions can only be overruled if they constitute an abuse of discretion. *See, e.g., EEE Commercial Corp. v. Holmes (In re ASI Reactivation, Inc.),* 934 F.2d 1315, 1324 (4th Cir.1991); *Matz v. Hoseman,* 197 B.R. 635, 639 (N.D.Ill.1996); *The Official Comm. of Subordinated Bondholders v. Integrated Resources, Inc. (In re Integrated Resources, Inc.),* 147 B.R. 650, 664 (S.D.N.Y.1992), *appeal dismissed,* 3 F.3d 49 (2d Cir.1993). "To find such abuse it is

usually necessary to conclude that there has been an interference with a substantial right, or that the discovery ruling is seen to be a gross abuse of discretion resulting in fundamental unfairness in the trial of the case." *Public Loan Co. v. Federal Deposit Ins. Corp.,* 803 F.2d 82, 86 (3d Cir.1986) (citations omitted).

This Court remanded this case to the Bankruptcy Court in order for the Bankruptcy Court to consider additional allegations by appellant regarding possible grounds for converting this case under Section 1112(b). *See Mazzocone II,* 180 B.R. at 788. In deciding not to allow further discovery and not to allow appellant to introduce all of the testimony that he sought to present, the Bankruptcy Court relied on both the limited evidence that appellant had sought to introduce at the June 1, 1994 hearing and also on the opportunities that appellant had had both in the Bankruptcy Court and in the state courts to conduct discovery. *See Mazzocone IV,* 183 B.R. at 409–10. When pressed by the Bankruptcy Court at the June 1, 1994 hearing for what evidence he would seek to produce to support his motion to convert and to oppose the motion to dismiss, appellant stated that he wanted to develop evidence relating to the complaints of the estate of Philip Tragish against the debtor and that he wanted to call certain unspecified lawyers to testify; he also stated that the bulk of his evidence would be in the form of deposition transcripts and admissions. *See Mazzocone IV,* 183 B.R. at 407; Hearing Transcript, 6/1/94, at 7, 23–24. On remand the Bankruptcy Court allowed appellant to place numerous documents and deposition transcripts in the record, as well as to call various lawyers to testify about the Tragish matter and other issues. *See* Hearing Transcript, 4/26/95 & 4/27/95. While the issue of conversion versus dismissal was completely open on remand, this Court concludes that it was not an abuse of discretion to limit the evidence to be considered to the evidence which appellant had been prepared to put forward at the June 1, 1994 hearing absent any indication that appellant somehow lacked notice of or time to prepare for that hearing;[3] indeed,

---

**3.** While appellant notes that he had a number of

motions relating to discovery pending at the time

the Bankruptcy Court appears to have been very generous in determining what evidence appellant had been prepared to present at the earlier hearing. Even though this Court in its earlier opinion was willing to give appellant the benefit of the doubt with regard to arguments for conversion that he had raised in his motion to convert but not at the actual hearing on the motion to dismiss, it would be overstepping the reach of this Court to find that it was an abuse of discretion to allow appellant to introduce evidence which he did not even suggest he wished to introduce when the motion to dismiss was originally under consideration. *See Mazzocone II,* 180 B.R. at 787–88. In addition, while appellant hotly contests the adequacy of the discovery that had been previously allowed, in light of the discovery that had occurred in the state court proceedings as well as in the protracted proceedings in the Bankruptcy Court, this Court concludes that it was not an abuse of discretion to bar further discovery on matters relating to conversion versus dismissal. This Court concludes therefore that the arguments by appellant relating to the limits on discovery and evidence must fail.

### D. *Hearing*

■ Appellant also argues, without citation, that the limited hearing held by the Bankruptcy Court pursuant to Section 1112(b), even if appropriate under Section 1112(b), failed to provide him with an adequate opportunity to address the allegedly much broader inquiry required under Section 305(a). It is true that under Section 305(a) a bankruptcy court may not dismiss or suspend all proceedings in a bankruptcy case until "after notice and a hearing." But this is not a rigid requirement; the Bankruptcy Code defines the phrase "after notice and a hearing" to mean "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A). Therefore, courts applying this definition have found that another

evidentiary hearing may not be required when the relevant issues have already been argued at previous hearings. *See Sullivan Cent. Plaza I, Ltd. v. BancBoston Real Estate Capital Corp. (In re Sullivan Cent. Plaza I, Ltd.),* 935 F.2d 723, 727 (5th Cir.1991) ("Where a matter has already been adequately argued before the bankruptcy judge, and the judge determines that no further hearings are necessary, then the debtor's due process rights are not violated when the judge decides the issue without further hearings."); *Buffington v. First Serv. Corp.,* 672 F.2d 687, 690 (8th Cir.1982) (holding that if parties have an adequate opportunity to argue their interests then the hearing requirement of Section 305(a) has been met).

In the instant case, it is undisputed that the Bankruptcy Court did not raise the possible application of the Section 305(a) with the parties or provide a separate Section 305(a) hearing. *See Mazzocone IV,* 183 B.R. at 421. The Bankruptcy Court did, however, conclude that the two days of hearings held after remand on the issue of conversion versus dismissal under Section 1112(b) satisfied the hearing requirement of Section 305(a). *See id.* This conclusion is perfectly logical given that part of the relevant inquiry under both sections is the best interests of the creditors. *Compare* 11 U.S.C. § 305(a)(1) *with* 11 U.S.C. § 1112(b). It is true that Section 305(a) also directs the court to look at the interests of the debtor, but the debtor here vigorously supports the suspension decision and appellant does not argue that suspension somehow was against the interests of the debtor. And while appellant makes the unsupported assertion that the inquiry under Section 305(a) is somehow broader than the inquiry under Section 1112(b), the scope of the evidence introduced at the two days of hearings and the scope of the findings of fact ultimately made by the Bankruptcy Court demonstrate that appellant was able to introduce a broad range of arguments and evidence for consideration by the Bankruptcy Court. *See Mazzocone IV,* 183 B.R. at 410,

---

that the original order dismissing the case was entered, he does not assert that he raised the issue of the pending discovery motions at the original hearing on the motion to dismiss and so

the pendency of those motions is insufficient to render the decisions by the Bankruptcy Court relating to discovery and evidence improper. *See* brief of appellant at 24–25 n. 13.

414–17. In addition, while the evidentiary and discovery limitation decisions of the Bankruptcy Court were originally made in the context of a Section 1112(b) proceeding, the reasons that support those limits are also applicable to a Section 305(a) proceeding and so the Bankruptcy Court did not abuse its discretion in choosing to bar further discovery and to limit the evidence that appellant could introduce even though the Bankruptcy Court ultimately decided to apply Section 305(a) instead of Section 1112(b). This Court therefore concludes that the Bankruptcy Court did not abuse its discretion in choosing not to hold a separate Section 305(a) hearing. Such a requirement would uselessly place form over substance.

### E. *Legal Standard*

 While it is true that the application of Section 305(a) is an extraordinary remedy,[4] its application is appropriate when the interests of the creditors and the debtor are best served by dismissal or suspension. *See* 11 U.S.C. § 305(a); *see also, e.g., In re Runaway II, Inc.,* 168 B.R. 193, 198 (Bankr. W.D.Mo.1994); *In re Realty Trust Corp.,* 143 B.R. 920, 926 (D.N.Mariana Islands 1992); *Business Info. Co.,* 81 B.R. at 387. In applying Section 305(a), courts have considered a wide range of factors, including but not limited to who filed the bankruptcy petition, the availability of another forum to resolve the pending disputes, the necessity of federal proceedings to achieve a just and equitable solution, the expense of the federal proceedings in comparison with proceedings in another forum, the purpose of the party seeking to remain in bankruptcy court, the economy and efficiency of having the bankruptcy court handle the matter and the possible prejudice to the various parties. *See, e.g., In re 801 South Wells Street Ltd. Partnership,* 192 B.R. 718, 723 (Bankr.N.D.Ill. 1996); *Realty Trust Corp.,* 143 B.R. at 925–26; *In re Fax Station, Inc.,* 118 B.R. 176, 177 (Bankr.D.R.I.1990). *But see In re RAI Mktg. Serv.,* 20 B.R. 943, 946 (Bankr.D.Kan. 1982) (limiting the relevant factors to be considered and holding that all the relevant factors must favor the application of Section

305(a) before Section 305(a) can be applied). But the exact factors to be considered and the weight to be given each of them is highly sensitive to the facts of each individual case. *See, e.g., Grigoli,* 151 B.R. at 320; *Marker,* 133 B.R. at 344; *Fax Station,* 118 B.R. at 177.

 Appellant objects to the consideration by the Bankruptcy Court of many of the factors that the Bankruptcy found weighed toward dismissing this case under Section 1112(b) and also toward dismissing or suspending this case under Section 305(a). Regardless of the merits of these objections with regard to Section 1112(b), an issue which this Court does not reach at this time, they are without merit with regard to Section 305(a). For example, appellant argues that the availability of the state court forum, or even the possible advantage of that forum over the Bankruptcy Court, should not have been considered because such factors are irrelevant to the best interests of the creditors and the debtor. While a narrow reading of those best interests might support such a limitation, courts have generally found consideration of such factors to be appropriate when deciding whether to apply Section 305(a). *See, e.g., Runaway II,* 168 B.R. at 198; *In re Kass,* 114 B.R. 308, 309 (Bankr. S.D.Fla.1990); *Business Info. Co.,* 81 B.R. at 387; *In re Heritage Wood 'N Lakes Estates, Inc.,* 73 B.R. 511, 514 (Bankr.M.D.Fla.1987). *But see In re T.D.M.A., Inc.,* 66 B.R. 992, 995 (Bankr.E.D.Pa.1986) (holding, in the face of strenuous objections by the debtor to application of Section 305(a) and in the context of claims under federal law, that a bankruptcy court should defer to another forum only when that forum has a particular expertise which is relevant to the matters in dispute). And while appellant objects to the "policy concerns" that motivated in part the decision by the Bankruptcy Court here, most courts applying Section 305(a) have considered similar policy concerns, such as the effect of keeping a particular case in bankruptcy on the efficiency and economy of the judicial system as a whole. *See, e.g., In re Kjellsen,* 155 B.R. 1013, 1023 (Bankr.D.S.D.1993), *rev'd on other grounds,* 53 F.3d 944 (8th Cir.1995);

---

**4.** *In re Grigoli,* 151 B.R. 314, 319 (Bankr. E.D.N.Y.1993); *see also Marker,* 133 B.R. at 344

(holding that relief under Section 305(a) "should be granted only in egregious situations").

*In re ABQ–MCB Joint Venture,* 153 B.R. 338, 342 (Bankr.D.N.M.1993); *Business Info. Co.,* 81 B.R. at 387; *In re Safón Ochart,* 74 B.R. 131, 134 (Bankr.D.P.R.1986). And finally, if the bankruptcy forum is indeed being used as a forum to resolve what is in essence a two-party dispute, as the Bankruptcy Court found to be the case here,[5] that may also be considered in deciding whether to apply Section 305(a). *See, e.g., Runaway II,* 168 B.R. at 198; *Kass,* 114 B.R. at 309; *Heritage Wood,* 73 B.R. at 514. This Court therefore concludes that the factors considered by the Bankruptcy Court in making its decision were appropriate to consider under Section 305(a).

### F. *Findings of Fact*

█ Finally, appellant attacks many of the specific factual findings made by the Bankruptcy Court in support of its decisions. *See Mazzocone IV,* 183 B.R. at 414–16. Given that these findings are reviewed under a clearly erroneous standard and given the evidentiary support available in the record for these findings, this Court concludes that it is unnecessary to discuss in any great detail the factual findings of the Bankruptcy Court. It is sufficient to state that while there was certainly evidence in the record to support the various arguments by appellant regarding such matters as who was responsible for the breakdown of the Chapter 11 process, whether the debtor is engaged in unproductive litigation, and whether the debtor has improperly diverted assets from the estate, there was also sufficient evidence to support the findings made by the Bankruptcy Court. Having carefully reviewed both the portions of the record cited by appellant and the record as a whole, this Court concludes that the Bankruptcy Court did not err in making its various factual findings.

### III. CONCLUSION

For the foregoing reasons, the June 2, 1995 Order of the Bankruptcy Court will be affirmed.