**In re James KUJAWA, individually and d/b/a Restaurant Builders, Debtors.**

**Frank Ross HURLEY, et al., Appellants,**

**v.**

**James KUJAWA, individually and d/b/a Restaurant Builders, Appellee.**

**No. 4:97 CV 2334 SNL.**

United States District Court,
E.D. Missouri,
Eastern Division.

Aug. 31, 1998.

## MEMORANDUM OPINION

LIMBAUGH, District Judge.

This matter is before the Court on appeal from an order of the United States Bankruptcy Court for the Eastern District of Missouri dismissing an involuntary petition in bankruptcy, pursuant to 11 U.S.C. § 305(a)(1) and (c).[1] Also pending is the alleged debtor's motion for sanctions, costs and fees (# 8).

### Background

The facts of this case are clearly set forth in the bankruptcy court's order and will not be repeated here except as necessary for the disposition of this appeal. On December 4, 1989, Chapter 7 proceedings were initiated against alleged debtor James Kujawa d/b/a Restaurant Builders ("Kujawa") by attorney Sidney A. Gould ("Gould"). Gould filed an involuntary petition in bankruptcy on behalf of five alleged creditors: Frank Ross Hurley ("Hurley"); Gittemeier Brothers Interiors, Inc. ("Gittemeier"); Christopher & Morris d/b/a Christopher & Long ("C & L"); Dr. and Mrs. Tinsley Stewart ("Stewart"); and Pickett, Ray & Silver ("Pickett").

Apparently, Gould had previously represented Kujawa regarding a proposed business partnership involving Kujawa and Gould's office partner Richard E. Schwartz ("Schwartz"). Additionally, until one week before the filing of the involuntary petition, Schwartz had represented Kujawa on no less than five separate legal matters. It is contended that in their capacity as Kujawa's

---

1. The Honorable David P. McDonald, United States Bankruptcy Judge for the Eastern District of Missouri.

attorneys, Gould and Schwartz had access to all of Kujawa's personal and business financial records.

Based upon their previous relationship, Kujawa filed a motion to disqualify Gould as the attorney for the petitioning creditors. On January 12, 1990, Gould withdrew.

On February 16, 1990, Francis X. Buckley, Jr. entered his appearance on behalf of Pickett and Stewart. Shortly thereafter, Pickett and Stewart filed a motion to abstain or, in the alternative, to withdraw as petitioning creditors. On March 7, 1990, the bankruptcy court held a hearing on the motion and, subsequently, denied the relief requested. Pickett and Stewart then entered into a mutual release and settlement agreement with Kujawa. The bankruptcy court approved the settlement agreement and allowed Pickett and Stewart to withdraw on April 4, 1990.

On March 2, 1990, attorney John Robert O'Connor filed a motion for dismissal or withdrawal on behalf of C & L. The bankruptcy court held a hearing on that motion on March 7, 1990. After the hearing, the bankruptcy court concluded that C & L did not qualify to serve as a petitioning creditor pursuant to 11 U.S.C. § 303. The bankruptcy court determined that no one for C & L had ever spoken with Gould about being a petitioning creditor. Although C & L's Corporate Secretary and Vice President of Administration, Glenda Ward, had spoken with Paul Ebeling ("Ebeling"), another of Schwartz's associates, she indicated that C & L only joined to make it easier to resolve a lien for its landlord, Keith Long ("Long").

During the March 7, 1990 hearing, A.J. Plumbing, a subcontractor with a mechanic's lien on Long's property, also moved to intervene and to join in the involuntary petition. The bankruptcy court granted that motion.

On February 21, 1990, Tridon Corporation ("Tridon") and Billboard Cafe at Lucas Plaza, Inc. ("Billboard") filed a motion to intervene and to join in the involuntary petition. Tridon and Billboard are business entities in which Kujawa, Schwartz and Ebeling each had an interest. Tridon and Billboard were represented in these proceedings by Schwartz and attorney James Parrott.

Also on March 2, 1990, Kujawa moved to dismiss Tridon's and Billboard's petition to intervene and to disqualify Schwartz as counsel. On March 5, 1990, the bankruptcy court held a hearing on the motion to disqualify counsel. A supplemental hearing was held on March 7, 1990, and a phone conference was held on March 27, 1990. On April 4, 1990, the bankruptcy court issued an order denying Tridon's and Billboard's motion to intervene and to join in the involuntary petition. The bankruptcy court also denied Kujawa's motion to disqualify counsel and allowed Schwartz to remain in the case on his own behalf to pursue his claim for the recovery of certain legal fees.

The bankruptcy court held final hearings on the involuntary petition and Kujawa's motion to dismiss, to require a bond, to award attorneys' fees and costs, for actual and punitive damages and for sanctions on April 11, 12, and 13, 1990. At these hearings, the bankruptcy court concluded that the petitioning creditors had met their burden, pursuant to 11 U.S.C. § 303, as to the appropriate number of petitioning creditors and the dollar amounts needed. The bankruptcy court additionally concluded that Kujawa was not generally paying his debts as they became due. No final determination was issued, however, because Tridon, Billboard and Schwartz appealed the bankruptcy court's order of April 4, 1990, to this Court.

On July 15, 1991, this Court granted Kujawa's motion to dismiss the appeal for lack of subject matter jurisdiction. The Court concluded that the bankruptcy court's order of April 4, 1990, was not a final appealable order.

Very little occurred regarding the involuntary petition after the initial appeal was dismissed. At the behest of the Honorable Robert H. Dierker, Jr., Presiding Judge for the Twenty–Second Judicial Circuit, City of St. Louis, Missouri, who had stayed a collateral mechanic's lien case filed by Kujawa on the Tridon and Billboard projects until after the involuntary petition was resolved, the bankruptcy court again addressed the matter on October 13, 1997. The bankruptcy court entered a final order, with conclusions of fact and law, abstaining and dismissing the invol-

untary petition pursuant to 11 U.S.C. § 305(a)(1) and (c). This appeal followed.

Appellants argue that the bankruptcy court erred in failing to conduct an evidentiary hearing to determine whether abstention was in the best interest of all creditors; that the bankruptcy court's abstention ruling was not supported by the evidence; and that the bankruptcy court erred in retaining "limited" jurisdiction to award sanctions, costs, fees or damages.

## Standard of Review

On appeal, the United States District Court may affirm, modify, or reverse a judgment, order, or decree of a bankruptcy judge, or remand to the bankruptcy court with instructions for further proceedings. This Court must affirm the decision of a bankruptcy court if it is supported by law and the facts contained in the record. In reviewing a bankruptcy court's ruling, the bankruptcy court's legal conclusions are reviewed *de novo*, while its findings of fact are reviewed only for clear error. *In re Apex Oil*, 884 F.2d 343, 348 (8th Cir.1989); *Spackler v. Boatmen's National Bank*, 165 B.R. 267 (E.D.Mo.1993). Due regard is to be given to the opportunity of a bankruptcy court to judge the credibility of the witnesses. *In re Apex Oil*, 884 F.2d at 348; *In re Van Horne*, 823 F.2d 1285, 1287 (8th Cir.1987). Under Bankruptcy Rule 8013, findings of fact are clearly erroneous when they are not supported by substantial evidence, contrary to the clear preponderance of the evidence, or based on an erroneous view of the law. *In re Cook*, 72 B.R. 976 (W.D.Mo.1987). It is incumbent upon the reviewing court to review the entire evidentiary record because "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Lovett v. St. Johnsbury Trucking*, 931 F.2d 494, 500 (8th Cir.1991) (*quoting United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)); *see also, In re Apex Oil*, 884 F.2d at 348.

## Discussion

Section 305 provides, in pertinent part:

(a) The court, *after notice and a hearing*, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—

(1) the interests of creditors and the debtor would be better served by such dismissal or suspension;

11 U.S.C. § 305(a)(1)(emphasis added).

■ Appellants argue that these provisions require the bankruptcy court to hold an independent evidentiary hearing regarding its decision to abstain. Accordingly, as the bankruptcy court did not conduct an independent hearing, Appellants urge this Court to vacate the bankruptcy court's order and to remand the matter to the bankruptcy court for an evidentiary hearing. Alternatively, Appellants argue that the conclusions made by the bankruptcy court at the hearings on April 11, 12, and 13, 1990, provide an adequate basis to grant the involuntary petition outright.

Considering this very issue—whether Section 305(a) requires an independent evidentiary hearing—the United States District Court for the Eastern District of Pennsylvania has concluded:

It is true that under Section 305(a) a bankruptcy court may not dismiss or suspend all proceedings in a bankruptcy case until "after notice and a hearing." But this is not a rigid requirement; the Bankruptcy Code defines the phrase "after notice and a hearing" to mean "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A). Therefore, courts applying this definition have found that another evidentiary hearing may not be required when the relevant issues have already been argued at previous hearings. *See Sullivan Cent. Plaza I, Ltd. v. BancBoston Real Estate Capital Corp. (In re Sullivan Cent. Plaza I, Ltd.)*, 935 F.2d 723, 727 (5th Cir.1991) ("Where a matter has already been adequately argued before the bankruptcy judge, and the judge determines that no further hearings

are necessary, then the debtor's due process rights are not violated when the judge decides the issue without further hearings."); *Buffington v. First Serv. Corp.*, 672 F.2d 687, 690 (8th Cir.1982)(holding that if parties have an adequate opportunity to argue their interests then the hearing requirement of Section 305(a) has been met).

*In re Mazzocone*, 200 B.R. 568, 574 (E.D.Pa. 1996). As in *Mazzocone*, the bankruptcy court conducted adequate hearings and collected sufficient evidence to support its conclusion that abstention would be in the best interests of both the creditors and the alleged debtor. To require the bankruptcy court to hold a separate hearing under Section 305(a) would "uselessly place form over substance." *Id.*

■ Appellants argument that the bankruptcy court's abstention ruling was not supported by the evidence is similarly unavailing. It is undisputed that a favorable ruling on Kujawa's mechanic's lien case would provide him with sufficient assets to cover his debts. Moreover, the manner in which attorneys Schwartz and Gould handled this case unequivocally suggests that this matter is essentially a two-party dispute. This is especially so in light of the bankruptcy court's express recognition of Schwartz's history of filing involuntary bankruptcy petitions against his former clients.

■ Finally, the Court concludes that the bankruptcy court did not err in retaining limited jurisdiction to resolve any requests for the award of costs, attorneys' fees, actual and punitive damages and for sanctions. Regardless of whether a dismissal pursuant to Section 305(a) strips the bankruptcy court of its authority to impose the remedies set forth in 11 U.S.C. § 303(i), *compare In re Kidwell*, 158 B.R. 203, 216 (Bkrtcy.E.D.Cal.1993); *In re Trina Associates*, 128 B.R. 858, 873 (Bkrtcy.E.D.N.Y.1991), *with Koffman v. Osteoimplant Technology, Inc.*, 182 B.R. 115, 127–28 (D.Md.1995), the bankruptcy court always has the inherent power to impose civil sanctions on the parties who appear before it.

*See* Rule 9020 of the Federal Rules of Bankruptcy Procedure advisory's committee's note ("the procedure for imposition of civil sanctions by the district courts will be equally applicable to the bankruptcy courts"); *see also Koffman*, 182 B.R. at 125. The bankruptcy court, therefore, is free to impose monetary sanctions in the form of costs, attorneys' fees or actual or punitive damages for abuse of its procedures.[2]

This Court is shocked by the conduct or, rather, misconduct of attorney Richard E. Schwartz. Without a doubt this unethical and unprofessional behavior warrants the imposition of monetary sanctions. As the bankruptcy court is in the best position to access what manner of sanctions is most appropriate, this Court believes that it should make that determination.

### ORDER

In accordance with the memorandum filed herein this day,

**IT IS HEREBY ORDERED** that the order of the United States Bankruptcy Court for Eastern District of Missouri, dated October 13, 1997, is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the alleged debtor's motion for sanctions, costs and fees (# 8) is **DENIED**, without prejudice.

**IT IS FINALLY ORDERED** that this matter is **REMANDED** to the bankruptcy court for a determination as to an appropriate award of sanctions.

---

**2.** In so holding, the Court respectfully disagrees with the conclusions reached by the district court in *Koffman*, 182 B.R. 115 at 127–28.