# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 13-6032

_____

In re: Bryan S. Behrens

*Debtor*

------------------------------

Bryan S. Behrens

*Debtor - Appellant*

v.

U.S. Bank National Association, as Trustee for RAMP 2006NC2, by Ocwen Loan Servicing, LLC

*Creditor - Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of Nebraska - Omaha

_____

Submitted: October 17, 2013
Filed: November 26, 2013

_____

Before FEDERMAN, Chief Judge, SCHERMER and SHODEEN, Bankruptcy Judges.

_____

SCHERMER, Bankruptcy Judge

The debtor, Bryan S. Behrens (the "Debtor") appeals from the order of the bankruptcy court[1] granting U.S. Bank National Association as Trustee for RAMP 2006 NC2, by Ocwen Loan Servicing, LLC (the "Creditor"), relief from the automatic stay. The bankruptcy court did so without holding a hearing other than one that was held in the Debtor's wife's case. We have jurisdiction over this appeal from the final order of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

## ISSUE

The issue in this case is whether the bankruptcy court acted properly when it granted the Creditor relief from the automatic stay to complete its foreclosure proceeding, and did so without a further hearing in the Debtor's case. We hold that the bankruptcy court's grant of relief from the automatic stay to the Creditor was proper.

## BACKGROUND

On March 14, 2013, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Code (the "Bankruptcy Code"). This was not the Debtor's first bankruptcy filing. In fact, the Debtor's March, 2013 filing (the "Debtor's 2013 Case") was the fourth out of five bankruptcy filings by the Debtor and his wife.

Real property (the "Property") owned by the Debtor and his wife secured indebtedness owed to the Creditor. In June, 2009, the Creditor commenced a foreclosure proceeding against the Property. Since February, 2009, the Debtor and his wife have made no payment to the Creditor. Starting in November, 2009, the Creditor's foreclosure proceeding was stayed and recommenced at various points in time due to bankruptcy filings by the Debtor or his wife. The first three cases filed

---

[1] The Honorable Thomas L. Saladino, Chief Judge, United States Bankruptcy Court for the District of Nebraska.

by the Debtor or his wife (one Chapter 7 case and two Chapter 13 cases) were dismissed. The Debtor filed the fourth case, the Debtor's 2013 Case, which is the case in which the order was entered that is the subject of this appeal. The Debtor originally filed the Debtor's 2013 Case under Chapter 11. The Chapter 11 case was dismissed, but the dismissal was subsequently vacated and the reinstated case was converted to Chapter 7. The fifth case, a Chapter 7 case filed by the Debtor's wife, was ultimately dismissed after the bankruptcy court entered the order that is the subject of this appeal.

After the Debtor's 2013 Case was dismissed, and before it was reinstated and converted to Chapter 7, the Property was sold to the Creditor at a foreclosure sale held on May 10, 2013. Unbeknownst to the Creditor and to the Sheriff's Department, the Debtor's wife had filed her own bankruptcy case (the fifth filing) minutes prior to the May 10, 2013 foreclosure sale by the Sheriff. Then, on May 17, 2013, the dismissal of the Debtor's 2013 Case was vacated and the reinstated case was converted to Chapter 7. The Sheriff did not record his Sheriff's Deed prior to the time when the Debtor's wife filed her bankruptcy petition in the fifth case, or the time when the dismissal of the Debtor's 2013 case was vacated and the case was reinstated.

In the Debtor's wife's bankruptcy case, the bankruptcy court scheduled a hearing for May 28, 2013, on a motion to compel filed by the Debtor's wife. The motion to compel asked for an order voiding the foreclosure sale as being in violation of the automatic stay, and requiring the relevant parties to act in accordance with the stay. The Creditor filed an objection to the Debtor's wife's motion to compel, and it also filed in the Debtor's wife's case a separate motion to annul or terminate the stay, seeking to validate the May 10, 2013 foreclosure sale and allow the Sheriff's Deed to the Property to be recorded. The Debtor, acting *pro se*, participated in, and made arguments at, the May 28, 2013 hearing; arguments that are also made by him in this

appeal.  The bankruptcy court accepted as evidence an affidavit filed by the Creditor and documents submitted by the Debtor's wife.

The bankruptcy court made its findings, and stated its ruling, on the record at the May 28, 2013 hearing, and entered a text order on the docket that day.  On May 29, 2013, the court entered a written order in the Debtor's wife's case.   The court ordered that, under Bankruptcy Code § 362(d)(4), the automatic stay in the Debtor's wife's case was annulled to validate the May 10, 2013 foreclosure sale, and terminated to allow the Creditor to record the Sheriff's Deed.  The court stated that the Debtor and his wife "collectively engaged in serial bankruptcy filings in an effort to delay and hinder [the Creditor] from foreclosing its interest in the Property."  As of the time of the bankruptcy court's ruling, the only remaining step to complete the transfer of the Property to the Creditor as the purchaser at the foreclosure sale was to record the Sheriff's Deed.

The bankruptcy court did not hold a separate hearing on the Creditor's motions filed on May 28, 2013 in the Debtor's March 2013 Case, where the Creditor sought relief from the automatic stay, and that such relief be granted without a hearing other than the hearing that had already taken place in the Debtor's wife's case.  Rather, on May 29, 2013, the court entered the order granting the Creditor the relief it sought in the Debtor's case that is the subject of this appeal.  The bankruptcy court based its ruling in the Debtor's 2013 Case on the reasons it set forth on the record at the May 28, 2013 hearing, and in the May 29, 2013 written order entered in the Debtor's wife's case.  Subsequent to the time when the bankruptcy court entered its order in the Debtor's  2013 Case, the Sheriff's Deed to the Property was recorded.

**STANDARD OF REVIEW**

We review the bankruptcy court's findings of fact for clear error, and its conclusions of law *de novo*. *Seaver v. New Buffalo Auto Sales (In re Hecker),* 496 B.R. 541, 548 (B.A.P. 8th Cir. 213) (citation omitted).  The bankruptcy court's

4

decision regarding whether to grant relief from the automatic stay is reviewed for an abuse of discretion. *Crossroads Ford, Inc. v. Dealer Computer Servs., Inc. (In re Crossroads Ford, Inc.)*, 449 B.R. 366, 367 (B.A.P. 8th Cir. 2011) (citation omitted). Likewise, the decision whether to hold an evidentiary hearing is within the bankruptcy court's discretion. *In re Anthony*, 481 B.R. 602, 615 (D. Neb. 2012) (citing *Tri-State Fin., LLC v. Lovald,* 525 F.3d 649, 655 (8th Cir. 2008); *Roberts v. Pierce (In re Pierce)*, 435 F.3d 891, 892 (8th Cir. 2006)). "An abuse of discretion will be found if the court's judgment was based on clearly erroneous factual findings or erroneous legal conclusions." *Crossroads Ford, Inc.,* 449 B.R. at 367 (citation omitted).

## DISCUSSION

### A.     11 U.S.C. § 362(d)(4)

Section 362(d)(4) became a part of the Bankruptcy Code under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23.  It provides, in part, that:

> (d) On request of a party in interest and after notice and a hearing, the courts shall grant relief from the [automatic] stay. . .
> (4) with respect to a stay of an act against real property . . . by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved . . .
> (B) multiple bankruptcy filings affecting such real property.

> If recorded in compliance with applicable State laws governing notices if interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing.

5

11 U.S.C. § 362(d)(4). *See In re Macaulay*, No. 11-07382-DD, 2012 WL 2919154, at *3 (Bankr. D. S.C. July 16, 2012) ("A 'scheme,' for purposes of § 362(d)(4) 'is an intentional artful plot or plan to delay, hinder [or] defraud creditors.' ") (quoting *In re Wilke*, 429 B.R. 916, 922 (Bankr. N.D. Ill. 2010)); *see also In re Duncan & Forbes Dev., Inc.*, 368 B.R. 27, 32 (Bankr. C.D. Cal. 2006). The purpose of §362(d)(4) "is to 'reduce abusive filings.' " *In re Tejal Investment, LLC,* No. 12-28606, 2012 WL 6186159, at * 4 (Bankr. D. Utah December 12, 2012) (quoting H.R.Rep. No. 109-31(I), at 70 (2005)).

The bankruptcy court correctly applied § 362(d)(4)(B) with respect to the Property to the Creditor as "a creditor whose claim is secured by an interest in [the] real property." There was no dispute that the Creditor held a security interest in the Property.

Likewise, we will not second guess the bankruptcy court's determination that the Debtor's bankruptcy filing was part of a "scheme" to hinder or delay creditors, and that such scheme was one involving multiple bankruptcy filings that affected the Property.[2] The bankruptcy court gave detailed findings, which were supported by the record.

The bankruptcy court saw a pattern of multiple filings by the Debtor and his wife solely for the purpose of avoiding the Creditor's foreclosure action, with no payment being made to the Creditor during the course of the filings. Since the time when the Creditor began its foreclosure proceeding in 2009, the Debtor and his wife

---

[2]    The Debtor's arguments regarding whether the bankruptcy filings were fraudulent, are irrelevant. The bankruptcy court did not need to decide whether the filing was made to defraud creditors, and it specifically stated that it did not make such a determination. The statute requires only that the filing of the Debtor's bankruptcy petition involve "a scheme to delay, hinder, *or* defraud creditors." 11 U.S.C. § 362(d)(4) (emphasis added). Prior to 2010 amendments to the Bankruptcy Code, the operative language in § 362(d)(4) referred to "a scheme to delay, hinder, *and* defraud creditors."

had filed five bankruptcy actions, and they had not made any payment to the Creditor since a date in 2009 prior to the commencement of the foreclosure.

The bankruptcy court recognized that the Debtor and his wife filed their bankruptcy petitions because they believed that there was a federal court receivership order prohibiting the creditor's foreclosure action, and the foreclosure was not completed properly under state law. The court determined that such filings were serial filings made solely for the purpose of hindering or delaying the foreclosure. The court noted that the Debtor and his wife should pursue in the state or other federal court actions any relief to which they believe they are entitled in connection with their position that the foreclosure should have been barred or rendered invalid by any receivership proceedings. It correctly stated that filing serial bankruptcy cases solely to delay or hinder the Creditor was not the proper method to seek a remedy.

The record shows, as was recognized by the bankruptcy court, that the Debtor and his wife filed their bankruptcy petitions during the foreclosure proceedings to halt or prohibit those proceedings, more than once on the eve of the foreclosure sale, in an attempt to avoid the foreclosure sale. The record also reflects that, other than the last case of each the Debtor and his wife, the bankruptcy cases by the Debtor and his wife did not overlap. *See In re Hymes,* No. A12-00599-GS, 2012 WL 653060, at *5 (Bankr. D. Alaska Feb. 20, 2013) ("Courts have consistently recognized that repeated bankruptcy filings made on the eve of successive foreclosure attempts constitute strong evidence of an intent to delay and hinder secured creditors from collection.") (citing *In re Abdul Mahaimin*, 343 B.R. 159, 170 (Bankr. D. Md. 2006); *Macaulay*, 2012 WL 2919154 at *1, *In re Blair*, 2009 WL 5203738 at *4 (Bankr. E.D. N.Y. Dec. 21, 2009)). Throughout these proceedings, the Debtor never denied that the bankruptcy filings were made to stop the foreclosure. As the bankruptcy court stated, the Debtor and his wife admitted at the May 28, 2013 hearing that they filed the multiple cases to delay their creditors. In this appeal, the Debtor alleges that he and his wife had to file the bankruptcy cases because they needed assistance from the

7

bankruptcy court since the Creditor's foreclosure violated the federal receivership order. In addition, the Debtor admitted that the repeated last minute filings were made "because they worked, they stopped the foreclosure sales."

The bankruptcy court had a proper basis for determining that the latest bankruptcy cases were not pursued in good faith. As the bankruptcy court noted, the purpose of these cases could not have been for reorganization in light of the fact that those were Chapter 7 proceedings. The record also reflects that the Debtor's and his wife's previous filings were dismissed. *See In re Lee*, 467 B.R. 906 (B.A.P. 6th Cir. 2012) (grant of § 362(d)(4) relief proper where serial filer continually thwarted foreclosure efforts for years, made no payment to lender and there was no change in circumstances and no ability to fund a plan).

## B.   Debtor's allegations of violations of his rights

Many of the Debtor's arguments on appeal focus on alleged violations of his rights on the bases of: (1) his lack of notice that the hearing in his wife's case would concern anything other than his wife's motion to compel; (2) additional evidence that he was not permitted to introduce at the May 28, 2013 hearing or thereafter; and (3) a lack of proper notice and an opportunity for a separate hearing in his own case.[3] Section 362(d)(4) provides for relief from the automatic stay "after notice and a hearing." 11 U.S.C. § 362(d)(4). Bankruptcy Code § 102(1)(A) defines the phrase "notice and a hearing" as "after such notice as is appropriate *in the particular circumstances*, and such opportunity for a hearing as is appropriate *in the particular circumstances*." 11 U.S.C. § 102(1)(A) (emphasis added).

We will not second guess the bankruptcy court's decision that the record was sufficient to make its ruling, and that nothing would be gained by holding a second

---

[3]   The Debtor claims he did not receive notice of the Creditor's motions in his wife's case or in his own case. But, the Debtor participated in the hearing that formed the basis for the bankruptcy court's decision.

hearing in the Debtor's case. By his own choice, the Debtor participated in the hearing held in his wife's case, just one day before the court lifted the stay in his case. The Debtor's wife submitted evidence as support for her position (which was also the Debtor's position). The bankruptcy court's grant of relief to the Creditor under § 362(d)(4) in the Debtor's wife's case was based on the same facts and issues as those that were relevant to the Debtor's wife's motion to compel. And, the bankruptcy court's basis for granting relief under § 362(d)(4) in the wife's case was the same as the court's reasons for granting such relief in the Debtor's case. *See Anthony*, 481 B.R. at 615 (separate evidentiary hearing not required when court held evidentiary hearings on different requested relief and the two "present[ed] effectively the same issues."); *Hurley v. Kujawa (In re Kujawa)*, 224 B.R. 104, 107-08 (E.D. Mo. 1998) (separate hearing not necessary where court's conclusion was supported by previous hearings and existing evidence regarding other relief); *In re Mazzocone*, 200 B.R. 568, 574 (E.D. Pa. 1996) (same).

The Debtor claims that he was harmed because he did not have the opportunity to put forth his evidence. The bankruptcy court's decision was supported by the records in the two bankruptcy cases, and the court was not required to provide to the Debtor the opportunity to present additional evidence. *See Procel v. United States Trustee*, 467 B.R. 297, 308 (S.D. N.Y. 2012) (evidentiary hearing not required for decision that appellant engaged in a scheme to delay, hinder, and defraud creditors.). In addition, the Debtor has made no argument on appeal that, if supported by additional evidence, would show error in the bankruptcy court's ruling. And, he has not pointed to any additional evidence that would convince us that the bankruptcy court's abused its discretion.

**CONCLUSION**

For the reasons set forth, we affirm.[4]

------------------------

------------------------

[4] As we noted in our Order denying the Debtor's request for a stay pending appeal, in his Notice of Appeal, the Debtor "requests the automatic stay be put back in place pending the outcome of this Appeal to the Bankruptcy Appellate Panel and the Eighth Circuit Court of Appeals." To the extent the Debtor requests a stay of this order on appeal to the Eighth Circuit, we cannot rule on such a request without a pending appeal. We note, however, that the Debtor appealed to the Eighth Circuit from our order denying his request for a stay pending appeal of the bankruptcy court's order.

10